Warner agt. Ford.

of the first subdivision. The second subdivision is very plain without any transposition of language. The legislature may confer *equity jurisdiction*, (in special cases,) upon the county *judge*, (not upon the county court.) The third subdivision shows that the constitutional convention still had in view the special cases to which they intended the jurisdiction of the county judge, surrogate and local officers should be confined; and also the exercise of such *other powers* as might be provided by law in reference to such special cases.

The legislature was to prescribe *such jurisdiction*, not such special cases, they were already prescribed; and such jurisdiction as the legislature thought proper to give the county court and county judge in these special cases and cases arising in justices' courts, seems to be the only authority conferred upon them by the constitution. That is, such jurisdiction might be limited and special in some of the special cases, and general and original in others, and appellate as to the justice's court cases; but in no event could original civil jurisdiction be conferred except in such special cases.

As to what special cases the constitutional convention had reference, appears to be very well stated and defined in the able opinions of Judges GARDINER and HAND, in the case of *Kundolf* agt. *Thalheimer*, (2 *Kern.* 593.) That is, all those summary proceedings and special provisions in law and equity, which were well known and distinguished from the ordinary common law actions, and suits by bill and answer in equity, and which are now under the Code classed as special proceedings as distinguished from civil actions, would seem to be referred to. The moment these well defined landmarks are left, a sea of discussion opens, in which the further it is traversed the denser the fog.—[REPORTER.

---

# SUPREME COURT.

TIMOTHY WARNER agt. ACTON P. FORD and NORMAN FORD, impleaded with WESTEL S. FORD.

Where two or more defendants' liability are *joint*, and but one judgment can be entered, the defendants are equally liable for the *whole costs*, where one has suffered a default, and the others defended the action unsuccessfully.

*Madison Special Term, December*, 1858.

THIS is an action brought upon a joint note, as appears from the affidavits before me on this motion.

The defendant Norman Ford appeared and answered the complaint, and the defendant Acton P. Ford suffered default.

The plaintiff demurred to the answer of Norman, and had judgment upon the demurrer, and entered a joint judgment against the defendants, with the costs of suit, including the costs of the demurrer. The defendant Acton P. Ford now moves the court to have the costs of the demurrer stricken out of the judgment against him.

D. J. MITCHELL, *for motion.*
L. KINGSLEY, *contra.*

MASON, Justice. This being an action as shown by the affidavits, where there is only a joint liability of the defendants, the plaintiff could not proceed and enter a several judgment against the defendant who did not appear. (*Parker* agt. *Jackson and others,* 16 *Barb. R.* 33; *Harrington* agt. *Higham and others,* 15 *Barb. R.* 524; *Ladue* agt. *Van Vechten,* 8 *Barb. R.* 664; *Crandall* agt. *Beach and others,* 7 *How. P. R.* 271; 5 *Sand. S. C. R.* 210; 13 *How. P. R.* 511; 11 *How. P. R.* 197; 2 *Whittaker's Pr.* 68; 3 *Sand. S. C. R.* 752.) It being clear that there cannot be several judgments against the defendants, the question recurs whether the plaintiff was right in taxing the costs of the demurrer in the judgment against A. P. Ford? I think these costs were properly taxed against all the defendants, and such I understand to have been the practice both before and since the Code.

The rule is so declared by Judge BRONSON, in *Henman* agt. *Booth,* (20 *W. R.* 666, 668,) and Justice BIRDSEYE, in *Catlin* agt. *Billings and others,* (13 *How. P. R.* 511, 515, 516.) The principle of these cases controls the case before us. The principle is laid down in 2d *Tidd's Practice,* 899. The rule was held in *Smith* agt. *Harris,* (12 *Ill. R.* 462.)

And I do not see that it could make any difference if the contract on which the suit is brought were joint and several, when the plaintiff sues them jointly, for he is entitled to joint judgment. As the defendants have assumed a joint liability, the plaintiff is entitled to insist upon a joint judgment, and it does not lie with one of the parties to say that joint liability shall be

severed by his putting in a separate defence, and if the other parties who do not wish to defend, desire to be relieved from costs, they should pay the demand.

Suppose the summons and complaint in this case, had only been served on Norman Ford, and he had put in the same answer which he did, and the plaintiff had demurred, and judgment had been given for the plaintiff the same as it was, the plaintiff would have been obliged to take judgment against all of the defendants. (*Crandall* agt. *Beach*, 7 *How. P. R.* 271, 272.) It is only necessary, however, to decide in this case, that when the defendants' liability is joint and but one judgment can be entered, the defendants are equally liable for the whole costs when one has suffered a default and the other has defended the action unsuccessfully.

This motion must be denied, with $10 costs.