and they all concur in confirming the testimony of the master and hands of the Wells as to the course and relative position of the two vessels. The testimony of one of these witnesses has been taken in this court and was not before the court below, which is very explicit and direct upon this question. There were several considerations urged on the argument by the counsel on both sides in support of their respective views of the case, which, as they rest principally upon a controverted state of facts, we do not deem it important to notice. We must, therefore, reverse the decree of the court below, and direct a reference to a commissioner to take proofs, and report upon the libelant's damages in the case.

## SUPREME COURT.

## McCarthy agt. Peake.

Where two suits are commenced in different courts, and the subject of the action and the parties are the same in each, the court, which first acquires jurisdiction, should dispose of the whole matter.

Therefore, where two partners commenced a suit, each against the other, to close up the partnership, and to enjoin his partner from interfering with the partnership effects, one in the superior court, by procuring a temporary injunction on the 14th of September, which, with the summons, was served on the 15th of Sept. about 3 P. M., and the other commenced in this court by obtaining an *ex parte* order for a receiver, who took possession of the property on the 15th Sept., and afterwards, about 8 o'clock same day, the summons and injunction were served,

*Held*, that the action commenced in the superior court, by the allowance of an injunction, on the 14th Sept., conferred on that court jurisdiction, and gave it priority. The appointment of a receiver was of no more weight than the allowance of the injunction—both were provisional remedies, and either would give jurisdiction.

Where an *injunction* is ample to protect the property from loss until a motion can be made for a receiver, it is manifestly improper to deprive a partner of the possession of partnership property *without notice*, and even without being served with a summons.

McCarthy agt. Peake.

*New-York Special Term, September,* 1859.
MOTION to set aside injunction and to stay proceedings.

INGRAHAM, Justice.   The parties to this action were part-
ners.   In consequence of differences between them, each party
commenced proceedings to close up the partnership, and to
enjoin his partner from interfering with the partnership effects.
Peake commenced proceedings in the superior court, and Mc-
Carthy in this court.   In the superior court a temporary
injunction was granted on the 14th September, which, with
the summons, was served on McCarthy on the 15th inst.,
about 3 P. M.   In this court McCarthy commenced his ac-
tion, and obtained, on an *ex parte* application, an injunction,
and an order for a receiver, and the receiver took possession
of the property on the 15th September, and afterwards, about
8 o'clock of the same day, the process in the action and the
injunction were served on the defendant.   A motion is now
made to set aside the injunction in this case, and to restrain
further proceedings therein, mainly upon the grounds that the
superior court had obtained jurisdiction of the parties and sub-
ject matter before the application to this court, and that the
appointment of a receiver on an *ex parte* application before
service of a summons was irregular.

The subject of the action, viz., the partnership effects, and
the parties, viz., the two partners, are the same in both actions,
and, under the decisions which have repeatedly been made in
this court and the superior court, the court which first ac-
quires jurisdiction of the case should dispose of the whole
matter; and, after such jurisdiction is obtained, any other
court, in which subsequent proceedings are taken for the same
purpose, should, as well from feelings of amity as from a de-
sire to avoid a conflict of jurisdiction, restrain the further
prosecution of the second action.   This rule, however, is not
to be extended beyond the subject matter of both actions, and
would not apply where other parties were made litigants.

The question, then, in this case is, which court first obtained
jurisdiction of the case.

McCarthy agt. Peake.

By section 139 of the Code, it is provided that the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings, from the time of the service of the summons or the allowance of a provisional remedy. In the case of issuing an·attachment against a non resident debtor, it has been held, that such jurisdiction was obtained at the time the attachment was issued. . In either case, whether the allowance of the injunction or the service of the summons is to be considered as conferring jurisdiction, it is clear that the action in the superior court has the priority. The injunction there was granted on the 14th, and in this court on the 15th September. The summons in the action in that court was served about 3 o'clock on the 15th, while the summons in the action in this court was served about 8 o'clock of the same day. The appointment of a receiver was of no more weight than the allowance of the injunction. Both were provisional remedies, and either would give jurisdiction of the case to the court in which the action was brought. In the present case it may well be doubted whether the appointment of a receiver before service of the summons, and without notice to the defendant, could be sustained. There are cases of a peculiar character where such an order may be made, but the cases are of such a nature as to require immediate action, such as those in which the party to be restrained is an idiot or lunatic, or where for any cause the immediate action of the court is required to save the property from destruction; but where an injunction is ample to protect the property from loss until a motion can be made for a receiver, it is manifestly improper to deprive a partner of the possession of partnership property without notice, and even without being served with a summons.

As I am of the opinion that the superior court had jurisdiction of this matter before any proceedings were taken in this court, this motion must be granted. The motion for a receiver and for an injunction by the court can be obtained by the defendant from that court on putting in his answer, as well as in this court, and the interests of both parties can be much better pro-

tected by either court in one action than by cross suits between the same parties, necessarily tending to produce a conflict of jurisdiction between the two courts.

As the receiver has expended money in protecting their property, and for other purposes connected with it, by order of the court, it is proper that he should be paid; and the motion is granted on condition that the defendant pay his expenses and compensation for the services rendered. The costs of this motion to abide event.

---

## UNITED STATES CIRCUIT COURT.

JOHN DE BRUNS and others agt. JOHN J. LAWRENCE.

JOHN J. LAWRENCE agt. THE BRIG LIEUTENANT-ADMIRAL COLLINBERG.

The *master* of a vessel is *quasi agent* for both parties (owner or consignee of the cargo and the owner of the vessel), in respect to the cargo found in a perishing condition on board the ship; and his acts, honestly put forth in an emergency, even if not the most suitable and well judged, with the intent to the best interests of all concerned, are to be indulgently considered.

This principle applied to this case, where a cargo of fruit, from Palermo, arrived in New-York in a damaged and perishing condition, in consequence of inherent decay, by reason of a long voyage caused by storms and putting in for repairs, &c., which was alleged to have been unnecessarily protracted by the master, and in his unskilful management of the cargo.

*New-York, September*, 1859.
APPEALS from decrees of the court below.

OWEN & VOSE, *for the Brig Lieutenant-Admiral Collinberg.*
BEEBE, DEAN & DONOHUE, *for John J. Lawrence.*

NELSON, C. J. The first of these suits was brought to recover freight on a shipment of fruit, from Palermo to New-