# NEW-YORK COMMON PLEAS.

## SORLEY, SMITH and others agt. BREWER & CALDWELL.

An action pending between the same parties in another court, not identical with the present, although relating to the same subject matter in part, but upon different facts and circumstances, and not involving only the same question, is no ground for *staying proceedings* in the present action until the determination of the action in that court, especially where the present action was commenced first.

*New - York Special Term, February,* 1860.

MOTION by defendants to stay the plaintiffs' proceedings in this action, until the determination of an action pending in the superior court between the same parties.

LAROCQUE & BARLOW, *for motion.*
MARTIN & SMITHS, *opposed.*

BRADY, Judge.    This action was commenced, and an in-
junction against the defendants, Brewer & Caldwell, was
granted, and an order for the appointment of a receiver made,
prior to the commencement of an action in the superior court,
against the said defendants, by David and Albert Sturtevant.
This action is predicated of the averments that the plaintiffs
have a lien upon the freight money earned, and the liens upon
and charges against the cargo of the bark Convoy, carried
from Galveston to New-York at the time stated, and which lien
is prior to any claim of the said defendants ·even as charterers;
and that the defendants are, nevertheless, collecting such
freight, liens and charges, to the prejudice of the plaintiffs.
The action in the superior court is upon the charter party
alleged to have been made by the defendants, Brewer & Cald-
well, with James L. Ferris, and by the latter assigned to David
and Albert Sturtevant. · The Sturtevants were not made par-
ties to this action when commenced, nor was Ferris; and such
was the fact in reference to the action in the superior court,
the defendants, Brewer & Caldwell, alone having been made
defendants when that action was commenced.    Subsequently,
and on the 26th of September, 1859, the plaintiffs in this case
were, by order of the court, made parties defendants to the
action in the superior court, (*see* 17 *Howard,* 571), and, on the
27th of September, 1859, the Messrs. Ferris and the Messrs.
Sturtevant were made parties herein.

    In this action the plaintiffs demand judgment against the
defendants, Brewer & Caldwell, for the sum of $1,000, col-
lected by them, and for $478.71, for moneys due by them for
freight as consignees, and pray that all the defendants may be
enjoined from interfering with the freight moneys, charges and
liens upon the homeward cargo of the Convoy, and that a
receiver should be appointed.

    In the action commenced in the superior court by the Stur-
tevants, the demand for judgment is for the price agreed to be

paid by the charter party, and for damages for detention, and for failures to perform the covenants of the charter party. The actions are, therefore, different, although they relate to the same subject matter in part, but upon different facts and circumstances; the plaintiffs' right herein depending upon their alleged lien acquired by the advances stated, and the assignment by the master averred. In regard to that lien, Judge HILTON having already decided to continue the injunction, and to appoint a receiver, (*see* 18 *Howard*, 276), nothing is necessary to be said here, except that the action must proceed. The action in the superior court, however, embraces distinct causes of action; and, as to those resting in damages for detention, and a failure to perform the covenants in the charter party alleged, it might proceed with propriety against the defendants, Brewer & Caldwell; but, whether that be so or not in this action, all the persons who appear to have any interest in the controversy are now parties; and as this action was commenced prior to the other, and an order for the appointment of a receiver made herein, this court has acquired jurisdiction over the subject matter, which must be retained if the plaintiffs insist.

Under § 122 of the Code, this court could have directed the addition of the Sturtevants and the Messrs. Ferris as parties defendants, if considered necessary to a final determination of the defendants' rights, and could have done so upon the application of those gentlemen. If the action in the superior court were identical with this, or involved only the same question, this court might consider whether, as a matter of discretion, and of substantial justice to the defendants, and not as matter of right, the plaintiffs' proceedings herein should be stayed; but, such not being the fact, and there appearing no reason why such an order should be made, the motion must be denied.