Delatour *v.* Bricker.

# New York City Court.

*Special Term—April,* 1883.

## DELATOUR *against* BRICKER ET AL.

Where one or more defendants are sued upon a joint or several liability, and one answers and the others make default, the entire costs may be taxed against all the defendants.

McADAM, J.—Where two or more defendants are sued upon a joint liability, and one answers and the others make default, the entire costs may be taxed against all the defendants (Catlin *v.* Billings, 18 *How. Pr.* 511), and it makes no difference whether the liability be joint or several (Warner *v.* Ford, 17 *How. Pr.* 54).

MASON, J., in the last cited, said: "I do not see that it could make any difference if the contract on which the suit is brought were *joint and several,* when the plaintiff sues them jointly, for he is entitled to joint judgment. As the defendants have assumed a joint liability, the plaintiff is entitled to insist upon a joint judgment, and it does not lie with one of the parties to say that joint liability shall be severed by his putting in a separate defense, *and if the other parties, who do not wish to defend, desire to be relieved from costs, they should pay the demand.* As sections 454, 455, 456, 1,205, 1,932 of the Code of Civil Procedure were not invoked by either party before judgment, it is

not necessary to pass on their effect, even if they would have been otherwise applicable. They do not in this case prevent the application of the former practice.

Motion to set aside judgment or to retax costs denied.