(32 Misc. Rep. 621.)

### In re LYMAN, State Commissioner of Excise.

(Supreme Court, Special Term, New York County.   October, 1900.)

LIQUOR TAX CERTIFICATE—PETITION TO REVOKE—STAY OF PROCEEDINGS—ACTION ON BOND.

> The fact that an action was pending on a certificate holder's bond for a violation of the liquor tax law did not entitle him to a stay of proceedings in an action under Liquor Tax Law, § 31, subd. 2, to revoke his certificate for selling liquor on Sunday and during prohibited hours, since the revocation proceedings were entirely distinct from the action on the bond, and were designed by the legislature to furnish a speedy remedy for failure to comply with the law.

Action by Henry H. Lyman, as state commissioner of excise, for an order revoking and canceling the liquor tax certificate of Julius Scharmann. Defendant filed a motion for a stay of proceedings. Motion denied.

H. H. Kellogg, for petition.

Page & Eckley (Alfred R. Page, of counsel), for defendant.

LAWRENCE, J.   This is a proceeding to revoke and cancel a liquor tax certificate pursuant to section 28, subd. 2, Liquor Tax Law, on the ground of violations of different subdivisions of section 31 thereof, to wit, Sunday sales, and sales during prohibited hours, etc. The attorney for the respondent moves that this proceeding be stayed pending the outcome of an action which had been brought upon the bond given by the respondent Scharmann and the Fidelity & Casualty Company of New York, on the ground that inasmuch as the violations of the liquor tax law, set forth in the complaint upon the bond, are substantially the same violations as those for which the revocation of the certificate is sought, the respondent should be given the benefit of a jury trial.   It was held by the appellate division of this department in Lyman v. Social Club, 39 App. Div. 459, 57 N. Y. Supp. 372, that "the liability of a surety upon a bond given in pursuance of section 18 of the liquor tax law (chapter 112, Laws 1896, as amended by chapter 312, Laws 1897), is not limited to the civil or criminal penalties prescribed in that act for the violation of its provisions," and that "upon proof that the premises were disorderly, and that liquor was sold thereon on Sunday, and between 1 and 5 a. m. on other days, in violation of the conditions of the instrument, the surety becomes obligated to pay as liquidated damages the penal sum mentioned in the bond, independently of the fact that a judgment for a like amount may have been recovered against the principal in an action for the civil penalties"; that "an action upon such bond is not criminal, either in form or substance, but is a civil action upon a contract."   In the case of In re Lyman, 46 App. Div. 387, 61 N. Y. Supp. 884, many of the cases relating to this subject were reviewed by Hardin, P. J.   The learned justice says (at page 394, 46 App. Div., and page 888, 61 N. Y. Supp.) that "power to revoke certificates granted under the liquor tax law is conferred upon special terms of the supreme court, or a justice of that court, and it is made the duty of such justice or of the court to act and to revoke and cancel cer-

tificates where the holder has failed to comply, by truthful statements in his application or otherwise, with the provisions of the law. Evidently the legislature intended the action to be summary, and was designed to furnish a ready and quick remedy for failure to comply with the provisions of the law." That decision was affirmed in 163 N. Y. 552, 57 N. E. 1115. It being evident that the proceeding for the revocation of the license is entirely distinct from the action upon the bond, I see no reason why the motion for a stay should be granted. A motion for a stay of proceedings in an action, on the ground that another suit is pending, which embraces the same matters, will not be granted where it does not appear that the entire relief demanded and sought in one action could be awarded in the other. See Sorley v. Brewer, 18 How. Prac. 509; Liftchild v. Smith, 7 Rob. 306; People v. Railroad Co., 53 Barb. 98; McCarthy v. Peake, 18 How. Prac. 138. This case will therefore take the usual course, and a referee will be appointed to take the proof in support of the application for the revocation of the certificate. Draw order accordingly, and settle on notice.

Ordered accordingly.