## CROUCH *v.* MOLL.

(*Supreme Court, General Term, Fifth Department.* December 30, 1889.)

1. MECHANICS' LIENS—PERSONAL JUDGMENT.
   Under Laws N. Y. 1880, c. 486, § 7, authorizing a personal judgment in an action to foreclose a mechanic's or material-man's lien in addition to a foreclosure, such judgment may be rendered against the owner of the premises, though, by reason of the foreclosure of a prior mortgage pending the action on the mechanic's lien, it becomes improper to foreclose the latter.

2. APPEAL—NOTICE.
   Under Code Civil Proc. N. Y. § 1301, making it necessary for a party appealing from a final judgment who desires to review any intermediate order not already appealed from to state that intention in his notice of appeal, an order refusing a continuance, not referred to in the notice of appeal from the final judgment, will not be reviewed.

3. SAME—REVIEW—FINDINGS.
   A party who makes no request of the trial court to find certain facts cannot review the court's adverse findings on those facts on the ground that they are against the weight of evidence, when there is evidence to support them.

Appeal from special term, Monroe county.

Action by George W. Crouch, Jr., against Leo Moll, to foreclose a mechanic's lien. Judgment for plaintiff, and defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*H. L. Bennett,* for appellant. *Fanning & Williams,* for respondent.

MACOMBER, J. This action was brought to foreclose a lien of the plaintiff, as the material-man who had furnished lumber and shingles to the defendant

for the construction of a house between May 27, 1884, and July 24, 1884. Within 30 days after the completion of the building erected upon defendant's premises, a notice of lien in behalf of the plaintiff was duly filed in the proper clerk's office for the amount of such lumber and materials so furnished by the plaintiff.

It is urged upon our attention by the learned counsel for the appellant that the agreement by which the plaintiff furnished the materials above mentioned was not made with the defendant, but with one Frank Moll, his brother, under an arrangement by which the plaintiff was to look solely to Frank for payment. We have examined the evidence upon this subject in detail, and are of the opinion that this contention on the part of the counsel is not sustained by it. There were dealings between the plaintiff and Frank Moll and the defendant relating to the delivery of the necessary lumber and materials for the erection of the house in question, but there was no agreement by which the plaintiff was to look solely to Frank for payment. The defendant has received credit upon account for lumber furnished by Frank which went into the house, together with two cows of the value of $60. The computation made by the trial judge, by which he arrives at the balance unpaid at the time of the beginning of the action, appears to have taken into the account all of the credits to which the defendant was entitled. Not one of the learned judge's conclusions of fact is unsupported by evidence. The defendant's counsel made no requests to find, and consequently is not in a position to claim that the court should have found differently upon the disputed questions, and hence is not in a position to review the findings as being against the weight of the evidence. Exceptions to the findings as made are unavailable, where it appears that they are sustained by some of the evidence in the case. *Hugg* v. *Shank*, 4 N. Y. Supp. 929.

The several exceptions to the admission or rejection of evidence during the trial have been considered by us, but there does not appear to be disclosed in any of them any error which would disturb the judgment.

Though this action was brought for the purpose of foreclosing a mechanic's lien, yet circumstances have arisen after the beginning of it which rendered it impossible or unavailing to take the judgment prayed for in the complaint; for a mortgage held by Joseph Moll, another brother of the defendant, was foreclosed in the mean time in the county court of Monroe county, which was a lien superior to the lien created by the filing of the notice, and the premises sold under a judgment thereon. This rendered a judgment charging the land with the payment of a judgment futile. The lien in this case was filed under chapter 486 of the Laws of 1880. By the seventh section thereof the court may render a personal judgment against or in favor of any party to the action in addition to the foreclosure of the lien upon the land. When, therefore, it appears that the plaintiff had been deprived of a lien by reason of the sale of the property in foreclosure on a prior lien, the court is not ousted thereby of jurisdiction of the case, but may proceed as the circumstances warrant, and give a common-law judgment.

A large portion of the brief of the appellant's counsel is taken up with the discussion of the proposition that it was error for the court to refuse to postpone the trial of the action on account of the absence in California of the defendant, and that for this reason also the judgment should be reversed. The plaintiff duly noticed the cause for trial at the December term, and before it was reached the motion to postpone, for the reason stated above, was made by defendants, and the same was opposed by plaintiff's counsel, who read an affidavit in the case used upon a former occasion. It appears this was the third motion made in behalf of the defendant for further time. There was no abuse of the discretion on the part of the special term in denying the motion, and in putting the case down for trial at a later day in the term. But, even if the defendant had made out a stronger case for postponement, we

should be unable, on the record before us, to afford him the relief sought, for the reason that there is nothing before us to enable us to review this order of the trial court.   The notice of appeal is solely from the judgment, and not from any intermediate order made before the trial was begun, nor is there any expression of intention in the notice of appeal to bring up for review such intermediate order.   Even as the practice stood before the enactment of section 1301 of the Code of Civil Procedure, where it was sought to reverse the judgment upon the ground that the court, at a trial without a jury, had erroneously refused to postpone the case, such refusal must have been made the ground of such appeal.   *Martin* v. *Hicks*, 6 Hun, 74.   It could not properly be raised in the brief or argument on appeal for the first time.   Subsequently to that decision, section 1301 of the Code of Civil Procedure was enacted, which is new, at least in form, and makes it incumbent upon a party who appeals from a judgment, and desires to review any intermediate order not theretofore appealed from, to say in his notice of appeal that he intends to bring up for review such intermediate order, "and distinctly specify * * * the intermediate order to be reviewed."   The judgment should be affirmed, with costs.   All concur.