By the Court.—Truax, J.
The complaint alleges that at a certain time the defendant, Lyon, was the owner of certain premises; that thereafter he transferred the said premises to one Smith upon the understanding and agreement that said Smith should immediately erect sixteen dwelling houses thereon for the said defendant Lyon; that such conveyance was made without legal consideration, and as a cover, and with the fraudulent purpose and intent on the part of the defendant Lyon to escape any personal liability on his part for the expense incurred for the improvement hy said buildings of said premises for his benefit, and to hinder, delay and defraud the mechanics and laborers doing work and furnishing materials for said buildings. That thereupon and thereafter said Smith entered into a contract with the plaintiff to build the stone foundation walls of the said houses to be erected on said property, and that the defendant Lyon informed the plaintiff that he, said Lyon, had the money to build (the houses, and that if he, the plaintiff, would enter into a contract with said Smith to build said stone foundation walls, he, Lyon, would pay or cause to be paid to the plaintiff every two weeks the amount then due him for building the walls.
That in pursuance of said agreements the plaintiff did certain work, and that there is now due him the sum of $910.66, under said agreements.
That after the plaintiff had done said work Smith conveyed the premises to one Hayden, who conveyed them to the defendant Lyon. That such transfers were made without consideration and were made for the purpose of hindering, delaying and defrauding the mechanics, laborers and materialmen who had furnished work and materials on said property, and to prevent the property being subject to any possible judgment liens against said Smith.
The answer was a general denial except that the *113 conveyances from Lyon to Smith, from Smith to Hayden, and from Hayden to Lyon, were admitted.
The court at special term found, as matter of fact, that after the recording of the deed from Lyon to Smith, Lyon remained in actual possession of the property, and, as matter of law, that notwithstanding the making and recording of the said deed, the defendant Lyon remained the equitable and true owner of the premises therein described. It also found that the deeds from Smith to Hayden and from Hayden to Lyon were made without consideration, and that the transfers of the property by Smith to Hayden and Hayden to Lyon were a legal fraud upon the plaintiff and the other mechanics and materialmen who had performed work upon and furnished material for the buildings upon said property, and, as matter of law, that said conveyances from Smith to Hayden and from Hayden to the defendant Lyon was a legal fraud upon the plaintiff and the other mechanics and materialmen who had performed work upon and furnished material for the buildings upon the said property.
We do not think that the evidence warrants the findings of fact made at the special term. The transactions between Lyon and Smith were valid transactions. Under them Smith became the owner of the property, subject, however, to certain mortgages to Lyon, and to others. As such owner he had the right to dispose of the property.
There is no evidence to show that Lyon remained in the actual possession of the property. The evidence rather shows that Smith was in the possession of the property. If Lyon was on the property after the conveyance to Smith, he was there for the purpose of protecting his own interest as mortgagee who was under a contract to advance money to Smith the builder. The evidence shows that Smith became unable to carry out his contract with Lyon *114 to erect certain buildings on said premises, and that because of his said inability the mortgages to Lyon became due and Lyon had the right'to foreclose these mortgages. By an agreement between Smith and Lyon, and for a valuable consideration, namely, the giving up of a note of $1,500, made by Smith’s wife to Lyon, and also the giving up of the right to foreclose the said mortgages, Smith conveyed to Lyon, through Hayden, the said property.
There is no evidence to show that the property was worth any more than the amount that Lyon paid for it, and the judgment in favor of the plaintiff cannot stand unless it may be sustained upon a point which will be hereafter considered.
It was alleged in the complaint that Smith and Lyon, to protect and relieve the defendant Smith from any personal liability by reason of his having made any agreement about any work upon the said premises or materials therefor, entered into a written agreement whereby the defendant Lyon, for a good and valuable consideration, promised and agreed to and with the said Smith, that he would pay and hold said Smith harmless from the amount then due to the plaintiff. This was denied by the defendant.
The trial court found in substance as alleged in the complaint in this particular. It also found that by reason of the facts stated in the findings of fact and the filing of a notice, the plaintiff acquired a good and valid and sufficient lien against the said buildings and premises above described under the laws of the State of New York.
It may be that the agreement above referred to would authorize the court in holding that the defendant Lyon had agreed with Smith to pay the amount due the plaintiff, but we are of the opinion that such finding of fact did not, with the other findings of fact in reference to the filing of lien and so forth, *115 warrant the conclusion of law that the plaintiff had acquired a lien.
The plaintiff contends that section 15 of chapter 342 of the Laws of 1885, which is to the effect that whenever in any action brought under the provisions of the said act any claimant shall fail for any reason to establish a valid lien, he may nevertheless recover therein judgment against the party or parties to the action for such sum or sums as may appear to be due to him and which he might recover in an action upon a contract against the said party or parties, entitled him to judgment against Lyon.
We are of the opinion that the phrase “ judgment for such sum or sums as may appear to he due to him,” refers to the sum or sums that may appear to be due to him from the person with whom he made the contract to perform labor or furnish materials. This person was not the defendant Lyon. Whether or not he has a cause of action against Lyon upon his promise contained in Exhibit G., is not necessary for us to determine. Certainly it would not be right, and we are of the opinion that it was not the intention of the legislature, to allow a person to bring an action to foreclose a mechanic’s lien, and then if he be defeated in that action, to recover a money judgment for any sum that may be due on any contract between him and the defendant. It was rather the intention of the legislature to allow the mechanic or the furnisher of materials to recover a money judgment if his action to foreclose his lien was defeated by reason of any informality in the lien, or by reason of any neglect to enforce his lien within the time required by law.
The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Dugro, J., concurred.