(32 Misc. Rep. 380.)

SMITH et al. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. August, 1900.)

1. MECHANICS' LIENS—FILING—PUBLIC IMPROVEMENTS.

Laws 1897, c. 418, relating to liens, provides that notice to perfect a mechanic's lien against municipal improvements may be filed by the claimant with the head of the department or bureau having charge of the work, and with the financial officers of the city. Laws 1894, c. 703, authorizing the construction of a hospital, provided that the commissioners of the sinking fund should be the proper authorities to construct such hospital and to authorize payment for the same. Plaintiffs filed notice of a lien with the comptroller, who is the head of the finance department of the city, and ex officio member of the board of commissioners of the sinking fund, and also with the commissioners of public buildings. *Held* a sufficient filing, though a separate notice was not filed with the clerk of the sinking fund commissioners; it not appearing that the city's rights had been prejudiced by failure so to file.

2. SAME—TIME FOR FILING.
    Where no question is raised as to the substantial performance of a contract for municipal improvements, a mechanic's lien is not invalidated by the fact that the architect's certificate had not been given at the time the notice of such lien was filed, and that nothing was then actually due from the city, since, under Laws 1897, c. 418, § 10, relating to mechanics' liens, notice of the lien may be filed at any time during the progress of the work, or within 90 days after its completion.

3. SAME—DISCHARGE ON SECURITY—ACTION ON UNDERTAKING.
    A bond obligating the maker to pay the comptroller of a city the amount of any judgment recovered in an action for the foreclosure of a mechanic's lien takes the place of the property against which such lien is filed, and the defense cannot be made against the lienor that the maker is liable only to the city for any loss or damage suffered by it, and that, since the lien is discharged, no recovery can be had as against the city.

4. SAME.
    In an action on a bond given a city to secure the discharge of a mechanic's lien on funds due from the city for the construction of a public work, if the claim is valid it is no defense that the lienors are not entitled to full relief in an action to foreclose their lien, because they have not fully complied with the statute in perfecting the lien, since Code Civ. Proc. § 3412, provides that, in case a lienor shall fail to establish a valid lien in an action under the provisions of the act of which such section is a part, he may recover judgment, as in an action on a contract, against any party to the action.

Action by John J. Smith and others against the city of New York, the American Bonding & Trust Company, and others to foreclose a mechanic's lien. Judgment for plaintiffs.

P. Q. Eckerson, for plaintiffs.

Stetson, Jennings & Russell (C. W. Bangs and W. F. Kimber, of counsel), for American Bonding & Trust Co.

John Whalen, Corp. Counsel, for city of New York.

Benjamin J. Downer, for Globe Co. and Fawcett Co.

J. Woolsey Shepard, for John P. Kane Co.

RUSSELL, J. The plaintiffs and three of the defendants claim the benefit of liens as subcontractors of the Mapes-Reeve Construction Company, which contracted with the city of New York to build the Gouverneur Hospital; the structure being completed in the year 1899. The plaintiffs' claim is for $6,675.52, with interest; that of the Fawcett Company, $1,018.40; of the Globe Company, $647.50; and of the John P. Kane Company, $353.03. The various liens were filed from the 17th of June, 1899, to the 4th of August, 1899. The plaintiffs' lien was discharged by the undertaking of the American Bonding & Trust Company on the 13th of July, 1899, and those of the defendant lienors subsequently, and prior to the commencement of the action. The city has in its hands, still unpaid, on account of the principal contract, the sum of $18,335.85, and subsequently to the filing of the lien of the plaintiffs had, in addition, paid upon that contract, to others than the plaintiffs, about $15,000. The amount yet in the hands of the city is amply sufficient to pay all the liens which have been proven to be valid claims. The substantial controversy here is between the bonding company and the lienors. The bonding company claims as a defense that the various liens were not properly filed in compliance with law, and are therefore not en-

forceable against the city or the bonding company. They also claim that, this being an action to foreclose a mechanic's lien, no personal judgment against the city can be had; the very foundation of the action being a lien alleged to be valid.

The evidence shows that the plaintiffs and the defendant lienors have valid claims for their participation in the construction of the Gouverneur Hospital, whether those claims are enforceable in this action or not. No serious defense is made to the amount or character of the services rendered and materials furnished, and justice requires a judgment in favor of the claimants, if consistent with the forms of law invoked in this action. In the general view which I take of this controversy, it may not be, perhaps, necessary to consider the force of the objections urged by the bonding company to the validity of the liens, but I will briefly advert to them, for a more perfect understanding of their character. It is claimed that under the law authorizing the erection of the hospital (chapter 703, Laws 1894) the commissioners of the sinking fund were the authorities to construct the hospital and to authorize the payment for the same, and that the contract with the construction company required the filing of notice of lien with them. It is also provided in chapter 418, Laws 1897, which is the general lien law now in force, that the notice may be filed by the claimant with the head of the department or bureau having charge of the work, and the financial officers of the city. The plaintiffs' lien was filed with the comptroller, who is not only the head of the finance department of the city, but is also ex officio a member of the board of commissioners of the sinking fund. It was also filed with the commissioner of public buildings, who now takes the place of the former commissioner of public works. It would seem that a notice of lien filed with the head of the finance department, and also with the chief of the department of public buildings, was a sufficiently substantial notice to the city itself, and that the omission to file a separate notice with the clerk of the sinking fund commissioners, of whom the comptroller was one, was not designed by the law to be an insuperable bar to the enforcement of a just claim. The purpose of the mechanic's lien law is a beneficent one. The value of the real estate belonging to the owner is swelled by the labor of the claimant, and materials furnished in which the work of the claimant forms a considerable part. As that additional value of the realty is made up of such services and materials, and the title to the whole remains in the owner, it is fair to impress a lien for the amount agreed upon on account of the accretions contributed by the claimant. As, however, that claimant has no security, the mechanic's lien law gives the lien as a substitute for a voluntary mortgage. The day is past when, in the state of New York, such a lien is held to be of a narrower scope and inferior character to that which may be placed upon the premises by the owner through his own voluntary instrument. The very law under which the parties acted declares that it shall be construed liberally to secure the beneficial interests and purposes thereof, and that a substantial compliance with the several provisions shall be sufficient for the validity of a lien to give jurisdiction to the courts to enforce the same. Section 22, c. 418, Laws 1897. As, under the

general law of 1897, the claimant is permitted to file his notice of lien with the department in charge of the construction and payment, a right of defense might exist in the city or the bonding company if the commissioners of the sinking fund had, in ignorance of the liens, paid the principal contractor, they not having notice of any such liens; but it would seem that, where the city had lost nothing whatever by the omission to file a separate notice with the commissioners of the sinking fund as such, the omission is not a substantial one. Bank v. Winant, 123 N. Y. 265, 25 N. E. 262.

It is also claimed that the architect's certificate had not been given at the time the notices of the liens were filed, and that nothing was then actually due from the city. The architect and the city both accepted the building, and no question is raised as to the substantial performance of the contract. The notice of the lien may be filed any time during the progress of the work, or within 90 days after its completion. Section 10.

But there is a broader view which may be taken of the merits of the claim and the inadequacy of the defense. It is conceded that the undertakings given by the bonding company did discharge the liens. This undoubtedly assumes that some lien existed. It may very well be that the bonding company and the city might say that this action did not prejudice either of them, in case these liens rested upon claims which had no foundation in fact. The amounts of the liens are always a fair subject of controversy; but it would be hardly just to deny payment of meritorious claims, payments of which were sought to be enforced by liens filed in pursuance of a beneficent statute, on the ground that the liens had been discharged by undertakings given for that purpose, and yet that those undertakings were worthless, because of the informality of the liens discharged. The rule should be, where the claimant's attempt to create a lien has been rendered inefficacious by security given under the provisions of law, that this security should be of some value, unless the defects in the attempts to create the liens were of so substantial a character as to justify a defense upon the merits.

The bonding company also claims that the city is not liable, because no recovery can be had against it in this action, and that the bonding company is not liable, because its covenant is one simply of indemnity to the city, and does not reach to any privity with the plaintiff or the other lienors. It cannot be that the claim is made that the city ceases to be liable because the lien is discharged, and that the bonding company is not liable because its agreement was purely with the city; for that would deprive the lienors of any remedy whatever, their lien being gone and no equivalent substituted. Nor does the bonding company take an adequate view of the extent of its own liability by the construction that there is only an indemnity liability, confined in its scope to the city, which is the sole person interested. The very terms of the obligation itself have a different purport. Instead of the provision that the company will indemnify the city against loss or damage, it agrees that the Mapes-Reeve Construction Company "will pay on demand" to the comptroller of the city of New York the amount of any judgment which

may be recovered against the said Mapes-Reeve Construction Company in an action to foreclose "the aforesaid notice of lien or claim." The lien having been discharged, the bond stands as the representative of the property against which the lien is filed. The amount of that bond is the subject of the controversy. Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. The lienor has a direct interest in the undertaking, which gives him a standing to enforce it. In re John P. Kane Co. (New York special term, Lawrence, J.) 66 N. Y. Supp. 684 affirmed in 52 App. Div. 630, 65 N. Y. Supp. 1136. The Mapes-Reeve Construction Company makes default, and as against it a judgment goes. The city of New York and the lienors have a right to claim the condition of the undertaking is broken the instant the judgment is entered against this construction company.

Nor would it be any defense to the bonding company or to the city that the court could not give full relief to the plaintiffs to foreclose the liens, because the lienors had not fully complied with the statute in perfecting their lien. The case of Weyer v. Beach, 79 N. Y. 409, is relied upon to justify the proposition that the proceeding to foreclose a mechanic's lien, under the statute of 1873 and prior ones, is purely a statutory action, and a personal judgment is merely incidental to the main purpose, and where it appears that no lien ever existed the whole proceedings fall. That was a case where no valid claim was established, and where it was found that nothing was ever due the contractors, but a recovery was sought upon an oral promise of the owner to keep back payments from the contractors. It hardly applies to the case under consideration, and, whatever may be the verbiage of the syllabus or the opinion as to the question decided, the case itself is not authority now to prevent a court of equity from rendering a personal judgment under circumstances like those presented here. The lien for the things of value which go into the real estate of the owner is of equal dignity and force to those created by express contracts. Courts of equity have power to enforce those liens as they have all others, and with the same general jurisdiction. If it should appear that by some omission, which did not really affect any of the rights of the parties, a lien was not technically created, the court still has power to give judgment upon a just claim, with all of the parties before it, instead of turning the rightful claimant out of court and forcing him to begin another and unnecessary action. "If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, on which he might recover in an action on a contract, against any party to the action." Code Civ. Proc. § 3412. This section seems not to have been commented upon by any of the counsel, but I regard it as a sufficient authority, if any doubt existed, to justify recovery, even were a lien in favor of the plaintiffs not technically established.

Let judgment go for the plaintiffs and the defendant lienors for the amount of their claims against the Mapes-Reeves Construction Company, the American Bonding & Trust Company of Baltimore city, and the city of New York, with costs to the plaintiffs and the lienors. Judgment accordingly.