(58 App. Div. 73.)

McDONALD v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENT—LIEN FOR MATERIAL—VERIFICATION BY AGENT.
    Under Laws 1882, c. 410, § 1825, requiring the notice for a lien for material furnished for a public improvement to be verified by the claimant, a notice verified by the claimant's agent is insufficient.

2. SAME—FAILURE OF LIEN—RIGHT TO PERSONAL JUDGMENT.
    Where plaintiff, in a statutory action to enforce a lien for material furnished a contractor for a public improvement, failed to acquire a lien because of improper verification, the court will not retain jurisdiction to render a personal judgment against the contractor.

Appeal from special term, New York county.

Action by John B. McDonald against the mayor, aldermen, and commonalty of the city of New York and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

James A. Dunn, for appellant.
James Kearney, for respondent Moran.
Joseph Ullman, for respondent Collins.

McLAUGHLIN, J. On the 29th day of July, 1895, the defendant Collins entered into a contract with the city of New York for regulating and grading Jerome avenue from Wolf place to 119th street, in said city. Thereafter, and with the consent of the city, the plaintiff entered into a contract with Collins by which he agreed to sell and deliver to Collins 40,000 cubic yards of filling, and as much

more as might be required, at the rate of 25 cents per cubic yard. The plaintiff performed his part of the contract, but a dispute thereafter arose between them as to the number of yards delivered and the amount due therefor; the plaintiff claiming that Collins was indebted to him in the sum of $6,086.49. This was disputed by Collins, and, he having neglected to pay the amount claimed by the plaintiff on the 6th of March, 1897, the plaintiff filed a notice of lien therefor upon the moneys due from the city to Collins, and this action was brought to foreclose said lien. The learned justice sitting at special term, after a trial had before him, dismissed the complaint upon the merits, and from the judgment thereafter entered the plaintiff has appealed. 62 N. Y. Supp. 72.

After a careful consideration of the record, we are of the opinion that the complaint was properly dismissed. The plaintiff never acquired a lien, and therefore there was nothing to foreclose. It is true that he attempted to acquire a lien, but his effort in that direction was of no avail, inasmuch as the notice did not comply with the statute. The notice filed purports to have been signed by "John B. McDonald, by Pierre W. Briggs." It is verified by Pierre W. Briggs, who swears "that he is the agent of John B. McDonald, the claimant mentioned in the foregoing claim, and that the statements therein contained are true, to his own knowledge or information and belief." Discussion is unnecessary to demonstrate that this notice, to the extent of acquiring a lien upon any money due from the city to Collins, was ineffectual. The statute gave to the plaintiff the right to a lien for the amount due him from Collins, but this right he could only acquire by complying with the statute. This he did not do. Chapter 410 of the Laws of 1882 was, at the time the notice of lien was filed, in full force, and applied to and governed the subject-matter involved. Section 1825 of that chapter prescribed what the notice of lien should contain, and, among other things, it required that the notice should be verified by the oath or affirmation of the claimant. This notice was not verified by the oath or affirmation of the claimant, and therefore the filing of it was of no effect, so far as it was sought to acquire a lien on moneys due from the city to Collins. A notice of lien under this section cannot be verified by an agent. The act requires that it shall be verified by the principal,—the claimant,—and that act cannot be delegated to another. This is the view entertained by the learned justice at special term, in which we fully concur. Conklin v. Wood, 3 E. D. Smith, 662; Keogh v. Main, 50 N. Y. Super. Ct. 183.

It is, however, urged that an error was committed in dismissing the complaint; that, even though the plaintiff did not have a valid lien, the court should have granted him a personal judgment against Collins for the amount due under their contract. We do not think so. Before a personal judgment can be obtained in an action brought to enforce a lien of this character, the lien must first be established. It is the existence of the lien which gives the plaintiff a right to resort to a court of equity for the enforcement of his claim. The proceeding to enforce a mechanic's lien is a statutory one, and can only be resorted to in a case which comes fairly within

the provisions of the statute. The right to a personal judgment is merely incidental to the main purpose, which is to satisfy the debt out of certain specific property, and, if the property be not sufficient for that purpose, the lien having been established, out of other property of the defendant. But, where a lien does not actually exist, a party cannot invoke the equitable powers of the court upon the mere pretense of such existence, and thereby deprive his adversary of what he otherwise would be entitled to, viz. a trial by jury. To hold differently would be simply saying in another way that all demands on contracts, either expressed or implied, might be enforced in this way by simply making a false allegation that a lien had been acquired upon certain property. Burroughs v. Tostevan, 75 N. Y. 567; Weyer v. Beach, 79 N. Y. 409.

Weyer v. Beach, supra, is directly in point. There, Judge Rapello, delivering the opinion of the court, said:

"This point has several times been decided by this court. The proceeding is statutory, and can only be resorted to in a case falling within the statute; that is, where a mechanic's lien exists. The main object of the proceeding is to enforce the lien, and the power to render a personal judgment is merely incidental to the main purpose, and to avoid the necessity of resorting to a separate action. But, where no lien exists, this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between the parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the proper common-law action."

The judgment appealed from is right, and must be affirmed, with costs. All concur.