(65 App. Div. 43.)

### GLEN COVE GRANITE CO. v. COSTELLO et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

MECHANIC'S LIEN—ENFORCEMENT—PERSONAL JUDGMENT—COLLATERAL ATTACK.
Where, in an action to enforce a lien for material furnished a contractor, the court finds that the lien is valid, a personal judgment against the contractor cannot be collaterally attacked, inasmuch as the court had jurisdiction to render the same.

Appeal from special term, New York county.

Action by the Glen Cove Granite Company against Patrick Costello and others. From an order denying a motion of Mary Skelly, executrix of the last will and testament of Patrick Larney, deceased, to vacate a judgment against Costello, and for leave to intervene and defend, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

E. E. Anderson, for appellant.
L. S. Gove, for respondents.

PATTERSON, J. By the order from which this appeal is taken,
a motion made by Mary Skelly, executrix of the last will and testa-
ment of Patrick Larney, to vacate a judgment, and for leave to inter-
vene and defend the action, was denied. The material facts appear-
ing in the record are as follows:

In September, 1896, one Patrick Costello entered into a contract
with the city of New York for paving Thirteenth avenue between
Twenty-Third and Twenty-Seventh streets, and the plaintiff in this
action entered into a contract with Costello to supply him with
granite blocks to enable him to perform the work under his contract
with the city. In December, 1896, the plaintiff filed with the proper
authorities of the city of New York a notice in writing claiming a
lien upon the moneys payable to Costello under his contract. In
January, 1897, Costello furnished a bond, executed by himself and
the City Trust, Safe Deposit & Surety Company of Philadelphia, for
a sum sufficient to cover the lien claimed by the plaintiff; and that
bond was conditioned for the payment of any judgment which the
plaintiff might recover upon the claim or demand mentioned in the
notice or statement of lien filed by the plaintiff. That bond was ap-
proved, and thereupon become substituted for any moneys which
might become due from the city of New York to Costello under his
contract with it. Simultaneously with the giving of this bond the
surety company demanded indemnity from Costello, and thereupon
an instrument was executed and delivered to it by Patrick Costello,
Patrick Larney, Patrick J. Costello, and James Haggerty, in which
instrument it is recited that:

"Whereas, at the special instance and request of the parties above men-
tioned, and on the security hereof, the City Trust, Safe Deposit and Surety
Company of Philadelphia has executed or is about to execute its two bonds
in behalf of Patrick Costello to the comptroller of the city of New York to
discharge liens filed with the said comptroller: Therefore, in consideration
of the premises and of the sum of one dollar, the parties named bound them-
selves, their respective legal representatives, their successors and assigns—
First, that Patrick Costello should pay to the trust company a yearly pre-
mium on the bond furnished by it to the comptroller; and, second, that
they shall and will at all times indemnify and save harmless and keep in-
demnified the said surety from and against all loss, damages, charges, coun-
sel fees, and expenses whatsoever, which said surety shall or may for any
cause sustain or incur by reason or in consequence of the said surety com-
pany having executed said bond, obligation, or instrument; and do further
covenant and agree to pay to the said the City Trust, Safe Deposit and
Surety Company of Philadelphia, or its representatives, all damages for
which said surety company or its representatives shall become responsible
upon said bond or obligation, before the said surety company or its repre-
sentatives shall be compelled to pay the same; any sum so paid, however,
to be applied to the payment of such damages; and in case any suit, action,
or other proceedings shall be commenced, or notice served on said parties of
the first part, or either of them, in any manner relating to or growing out
of the matter or business, or for or on account of which the aforesaid bond,

obligation, or instrument is required to be executed, immediate notice thereof shall be given to the said surety company."

This action was brought to foreclose and enforce the lien claimed by the Glen Cove Granite Company against the moneys due to Patrick Costello under his contract. Patrick Costello and the mayor, aldermen, and commonalty of the city of New York were made defendants, as were also some third parties claiming liens on the moneys. Subsequently the surety company was brought in as a defendant. It was alleged in the complaint that the plaintiff was a foreign corporation, and that it had complied with all the laws and regulations pertaining to foreign corporations doing business within the state of New York, and that it had been granted a certificate by the secretary of state of New York permitting it to do business within the state of New York. Patrick Costello answered the complaint, and in his answer put in issue the allegation that the plaintiff was authorized to do business within the state of New York, and then proceeded to set up affirmatively that the plaintiff failed to deliver the paving blocks it was to supply to him within the time mentioned in the contract, that some of such blocks never were delivered, and that by reason of the plaintiff's failure to perform its contract with him the defendant Costello had suffered damage in the sum of $5,000, and he also set up two counterclaims. The answer of the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia also put in issue the authority of the plaintiff to do business within the state of New York. The cause came on for trial in May, 1900. The plaintiff did not prove its allegation of authority to do business within the state of New York, and thereupon the complaint was dismissed as to the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia. Costello gave no evidence to support his affirmative defense or counterclaim, and thereupon the court ordered a personal judgment in favor of the plaintiff against him for the sum of $5,860.31, which judgment was duly entered, and from which no appeal has been taken. After the entry of that judgment the plaintiff brought an action in the United States circuit court for the Eastern district of Pennsylvania against the surety company. That action was defended, and the New York judgment dismissing the complaint was set up in bar; but that defense was overruled on the ground that the New York judgment was not one on the merits, and the surety company was held liable on its bond. Mary Skelly, the executrix of the will of Patrick Larney, being advised that the surety company is now in a position to enforce the indemnity which it took upon giving its bond to the comptroller, seeks to open the New York judgment, and to litigate the matters of defense set up in Costello's answer, and in respect of which he failed to give evidence on the trial of the action to foreclose the lien. She shows in her application that Patrick J. Costello and James Haggerty, who were jointly bound with Patrick Costello, are insolvent. She claims the right to have the judgment in this action opened, and to intervene, primarily on the ground that her testator was a surety, and as such is entitled to protection, and should be permitted to contest, as against the plaintiff, on the facts set up in

Patrick Costello's answer, its right to the judgment it has obtained. It is, to say the least, very doubtful whether the executrix has any standing in court to make this application. She does not show that there was any privity between the plaintiff and her testator in the transaction which resulted in the giving of the bond of indemnity to the surety company. It would seem that the case is simply one of a surety taking indemnity from his principal. Ordinarily the obligee in such a bond as that given by the surety company in this case has no concern with the relations existing between the obligor and a person on whose behalf or in whose interest that obligor assumes the burden of the bond; but, without placing our decision upon that ground, we are of the opinion that the motion was properly decided in the court·below. Assuming that the executrix has a standing in court to make the motion, the relief she applied for was claimed upon the ground that in the action to foreclose the lien the court had no jurisdiction to render a personal judgment against Patrick Costello. The argument is that, if the complaint were properly dismissed as to the surety company, it should also have been dismissed as to Costello, for the reason that it is disclosed by the record that the same issue upon which the dismissal was directed in favor of the surety company was raised by Costello's answer. The learned judge before whom the trial was had held that the plaintiff, in consequence of its failure to prove its right to do business in the state of New York, had failed to show its right to file a lien, and therefore the action must be dismissed as to it. It is difficult to see why the same result should not have followed with respect to the defendant Costello. If there were no lien as against the surety company, there was none as against him. We have held that, in an action to enforce a lien, before a personal judgment can be obtained the lien must be established, and that it is the existence of the lien which gives the plaintiff the right to resort to a court of equity for the enforcement of his claim; that the right to a personal judgment is only incidental to the main purpose, which is to satisfy a debt out of specific property; and that where a lien does not actually exist a party cannot invoke the equitable powers of the court to deprive his adversary of what he would otherwise be entitled to, namely, a trial by jury. McDonald v. Mayor, etc., of City of New York, 58 App. Div. 75, 68 N. Y. Supp. 462. The difficulty with this case, however, is that the trial court, as against Costello, decided that there was a valid lien secured by the plaintiff. It is so stated in the decision of the trial judge, who found that the plaintiff had furnished to Patrick Costello the materials, to wit, paving blocks, of a certain value, and that pursuant to the provisions of the statutes of the state of New York a lien was filed, and that that lien "was a good and valid lien upon the moneys under the control of the mayor, aldermen, and commonalty of the city of New York due or to grow due to said Patrick Costello under said contract, to the extent and amount therein claimed and interest." The judgment following the decision recites that the plaintiff duly filed in the proper offices notices claiming a lien, that they conformed in all respects to the provisions of the statutes of the state of New York,

"and that thereby the plaintiff herein acquired a lien on said moneys." Thus we have an adjudication that there was a valid lien. The judgment also recites that on the 28th day of January, 1897, the defendant Patrick Costello, as principal, duly gave his bond with the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia as surety in a sum not exceeding $8,279, conditioned for the payment of any judgment which might be recovered upon the claim specified in the notice of lien of the plaintiff against the said defendant Patrick Costello; that said bond was approved by a justice of the supreme court of the state of New York and duly filed the 29th day of January, 1897, and the lien of the plaintiff herein thereby discharged. While it may have been inconsistent to dismiss the action as to the surety company and retain it as to the defendant Costello, it is perfectly apparent that it was within the jurisdiction of the court to pass upon and determine the validity of the lien, and, inasmuch as the court had jurisdiction, the judgment cannot be attacked collaterally. We are of the opinion that the motion was properly denied upon the case now made.

The order must be affirmed, with costs. All concur.