(36 Misc. Rep. 269.)

### GALLICK v. ENGELHARDT et al.

(Supreme Court, Special Term, New York County. November, 1901.)

1. MECHANIC'S LIEN—EVIDENCE.

Plaintiff contracted to excavate two lots under separate contracts, and agreed with the owner that payments made on both the lots should apply to one only, that they were sufficient to pay for the work done on one lot, and that any lien for unpaid work should attach only to the other. *Held*, that he was not authorized by the mechanic's lien law to subsequently file a lien against both lots for an alleged balance for work done on both.

2. SAME—JUDGMENT.

Where a mechanic's lien was invalid, in an action to foreclose no judgment can be rendered against the owner personally or against a surety on his bond to discharge the lien.

Action by Joseph Gallick against Charles Engelhardt and others to foreclose a lien. Judgment for defendants.

Wallace A. Kroyer, for plaintiff.

William Sutphen, for defendant Engelhardt.

Van Schaick, Norton & Quinby, for defendant Union Surety & Guaranty Co.

SCOTT, J. The plaintiff made two separate contracts with the defendant Charles Engelhardt for the excavation of two noncontiguous lots, one on Tenth avenue and one on West Fifty-First street. The performance of the contracts proceeded concurrently, and payments were from time to time made on account, the receipts applying the payments to both contracts, and not to either one separately. In this way $1,300 was paid, the contract price for excavating the Tenth avenue lot being $1,720, and the contract price for excavating the Fifty-First street lot being $1,058, making an aggregate of $2,778, in addition to which there was due to the plaintiff for surveying $25; making his total claim $2,803, of which there remained unpaid $1,503. After the completion of the work, by agreement between the parties the receipts applying the payments to both contracts were given up, and the plaintiff, to enable defendant to obtain a loan on the Fifty-First street property gave a receipt for $1,058, the full amount of the contract price for excavating the Fifty-First street lot. Thus, by agreement of the parties, the payments made up to the full contract price for excavating the Fifty-First street lot were appropriated to the satisfaction of the plaintiff's claim under the contract for excavating that lot. He thereafter had no claim upon that lot under his excavation contract, and whatever right he had to apply to the property for the payment of the sum still due him attached only to the Tenth avenue lot. The plaintiff also furnished sand and other materials, partly for use on the Tenth avenue property, and partly for use on the Fifty-First street property. Subsequently the plaintiff filed a notice of lien under the mechanic's lien law against both pieces of property, in which he stated his claim as follows:

"The labor performed and the materials furnished and the agreed prices and value thereof are as follows:

| | |
|---|---:|
| To the agreed price and value for excavating two lots, one at No. 657 Tenth avenue.......................................... | $2,803 |
| To agreed price and value of sand furnished for building purposes. | 200 |
| To agreed price and value of planks furnished................... | 45 |
| To agreed price and value of team hire in running scaffolding.... | 5 |
| | $3,053 |

"The amount unpaid to said lienor for such labor and materials is one thousand seven hundred and fifty three dollars ($1,753), with interest thereon from the 29th day of October, 1900."

He then, in his notice of lien, declared that the property subject to the lien was the property on Tenth avenue and the property on Fifty-First Street. An action was brought to foreclose the lien, and a complaint served, which contained three counts, one for $1,503, due for excavating on the Fifty-First street property; one

for sand, planks, and team hire furnished to the Fifty-First street property, to the value of $190; and the third for sand furnished to the Tenth avenue lot, to the value of $60. It seems to be clear that the plaintiff's notice of lien was unauthorized by statute, and void, and that he never acquired a valid lien thereby upon either lot. The mechanic's lien law (Laws 1897, c. 418, § 3), authorizes a lien for the principal and interest of the value or agreed price of labor or materials performed or furnished with the consent or at the request of the owner "upon the real property improved or to be improved." In the present case the plaintiff undertook to establish a lien upon the Fifty-First street house for excavation done and materials furnished to the Tenth avenue lot and upon the Tenth avenue lot for materials furnished to the Fifty-First street lot. In this way he attempted to place a lien on the Fifty-First street property to the extent of $1,693 for claims which appertained only to the Tenth avenue lot, and for which the Fifty-First street lot could not be held. Such a lien is not authorized by the statute; and, since all the facts were perfectly well known to plaintiff, and set out at length in his complaint, his attempt to obtain an unauthorized lien must be held to have been willful and intentional. This is not a case such as has sometimes arisen of work done on contiguous lots under a single contract. These were separate contracts, and the lots were far apart. If the lien was invalid, no judgment can be had against the surety which gave the bond to release them. Nor can a personal judgment be granted in this action against the owner. Weyer v. Beach, 79 N. Y. 409; McDonald v. City of New York, 58 App. Div. 73, 68 N. Y. Supp. 462. Judgment for defendants, with costs, in favor of the owner and the surety company.

Judgment for defendants, with costs to owner and surety company.