(40 Misc. Rep. 120.)

### NUSSBERGER v. WASSERMAN et al.

(Supreme Court, Special Term, New York County. February, 1903.)

1. ACTION—STAY.
   The Supreme Court will not stay an action in the City Court if there is a substantial identity in the issues and in the subject-matter, where there cannot be obtained in Supreme Court action the entire relief which the party can obtain in the other action.

2. MECHANIC'S LIEN—FORECLOSURE.
   On foreclosure of a mechanic's lien, subcontractors cannot obtain a personal judgment against the contractor unless they have filed a lien.

3. SAME—STAY—DIFFERENT RELIEF.
   The assignee of a contractor sued in the Supreme Court to foreclose a mechanic's lien in which the contractor was a defendant. Neither his subcontractors nor their trustees in bankruptcy were made parties defendant, or had ever filed a lien for the debt due by him to them. He moved to stay another action brought against him by the trustees in bankruptcy in another court for the same debt. *Held*, that the motion must be denied, because the trustees, for failure to file a lien, could not recover in the Supreme Court any personal judgment against the contractor, and therefore the relief in the two actions was not the same.

Action by Minnie Nussberger against Edward Wasserman and others. Motion by defendant Murdock for stay, pending final determination of suit. Motion denied.

Kenneson, Crain, Emley & Rubino (Charles L. Apfel, of counsel), for defendant Bostwick, trustee.

Seligman & Seligman (Geo. W. Seligman, of counsel), for defendant Murdock.

LEVENTRITT, J. This is a motion made by the defendant Murdock to stay, pending the final determination of this suit, an action brought against him in the City Court by the defendant Bostwick, as trustee in bankruptcy for the defendants Greene and Ward.

The facts leading up to this application are, briefly, as follows: The present action is the usual statutory proceeding for the foreclosure of a mechanic's lien. It appears that in March, 1901, the defendant Wasserman contracted with the defendant Murdock as principal contractor for work and materials in and about a building on

premises owned by him. Thereafter, on March 7, 1901, the defendant Murdock contracted with the defendants Greene and Ward, subletting to them all the ironwork. Thereafter, on June 12, 1901, the defendants Greene and Ward contracted with plaintiff's assignor to furnish certain specified items of the ironwork. Greene and Ward, after having partially completed their work, became insolvent, and abandoned the contract. Subsequent proceedings in bankruptcy resulted in the appointment, on September 14, 1901, of the defendant Bostwick as their trustee. Under the terms of the contract between the defendant Murdock, the principal contractor, and Greene and Ward, the former completed the contract, and it is alleged in the papers on this application that he has an unexpended balance to the credit of the latter in the sum of at least $283.

The plaintiff's assignor having duly filed a notice of lien, this action was begun on or about October 10, 1902. Wasserman, the owner, Murdock, the principal contractor, Greene and Ward individually, and their trustee in bankruptcy, Bostwick, and the American Surety Company, who had given a bond to discharge the lien of plaintiff's assignor, were made parties. Greene and Ward never filed a notice of lien, nor did their trustee. The answer of the latter is in effect a general denial; he asks no affirmative relief, but prays a dismissal of the complaint.

About two weeks after the commencement of this action, that is, on October 28, 1902, the defendant Bostwick, as trustee, began an action in the City Court against the defendant Murdock, suing him on contract on two causes of action for work done and materials furnished. The first, to recover the sum of $533.50, is for the alleged balance due from the defendant Murdock as and for the agreed price for services rendered and materials furnished him in and about the structural ironwork for the building involved in this suit. The case in the City Court having been noticed for trial, and a preference having been claimed under the Code, the defendant Murdock makes this motion to stay the City Court action until the issues herein have been finally determined.

The serious objection to the allowance of the stay is that it bars the remedy of the defendant Bostwick, trustee. No lien has been filed by the defendant bankrupts. They were under no obligation to file one, and the omission, of course, in no wise precludes their right to sue their superior contractor to recover a personal judgment. Were it in the power of the court to award them a personal judgment in this action, I believe the other objection could be lightly dismissed. Even though the court should have no power to stay in this action the City Court action as such, it could nevertheless reach the same result by acting upon the parties to this suit. And there would then also be little force to the objection that there was a diversity of parties or lack of identity of the subject-matter, for the issues in litigation between Bostwick, plaintiff, and Murdock, defendant, in the first cause of action in the City Court suit, and between Bostwick, defendant, and Murdock, defendant in this suit, would be substantially the same. But even where there is this substantial identity, and yet the entire relief sought in the one action cannot be obtained in the

other, no authority for granting the stay exists. Burlingame v. Parce, 12 Hun, 149; Matter of Lyman, 32 Misc. Rep. 622, 67 N. Y. Supp. 502. Unless the decision in one action will determine the right set up in another, and the judgment in the one dispose of the controversy for both, no case for a stay is presented. Dolbeer v. Stout, 139 N. Y. 487, 34 N. E. 1102. Unless, then, the defendant trustee can obtain in this suit a personal judgment against Murdock, the party primarily liable to him, and whom he is seeking so to cast in the City Court action, a stay would be improper.

No lien has been filed by or on behalf of the bankrupts; their trustee's answer prays no affirmative relief. Can, under these circumstances, a personal judgment be rendered in his favor? Were this an open question, I might seek to draw a distinction between the earlier and later statutory enactments affecting the foreclosure of mechanics' liens, and, rejecting too close an adherence to form, answer in the affirmative. But a continuous line of authorities permits no such alternative.

Our courts have gone to the extent of permitting a personal judgment where a valid lien existed at the beginning, but was lost by lapse of time or otherwise pending the proceeding, so that there was no lien when the action came to trial (Glacius v. Black, 50 N. Y. 145, 10 Am. Rep. 449; Id., 67 N. Y. 563), this being on the theory that the act of the law should not deprive the lienor of a part of the relief to which he was entitled when the proceeding was commenced. So, personal judgment has been allowed where the enforcement of a valid lien has been prevented by the foreclosure of a prior mortgage on the property (Crouch v. Moll [Sup.] 8 N. Y. Supp. 183), or where the alleged lien becomes ineffective owing to some informality or defect rendering it unenforceable. Altieri v. Lyon (N. Y. Super. Ct.) 13 N. Y. Supp. 617; Smith v. City of New York, 32 Misc. Rep. 380, 66 N. Y. Supp. 686. But the authorities seem clear that where there has been no lien whatever filed, valid or invalid, no personal judgment can be had under statutes permitting such relief "in addition to" the foreclosure, or upon failure "to establish a valid lien."

The first important case (Burroughs v. Tostevan, 75 N. Y. 567) arose under the law of 1862 (page 951, c. 478, § 13), which provided that "judgment may be rendered against the contractor, or subcontractor, for the amount which should be found owing by him, in addition to judgment hereinbefore provided for against such owner," i. e., the judgment of foreclosure. In that case a materialman, failing to establish his right to a lien, the claim not being one for which, under the act, he was entitled to that form of equitable relief, sought personal judgment. The court, making its decision turn upon the words "in addition," disposed of the right to such judgment in this language:

"The Legislature, as an incident to the proceeding to enforce the lien, when there is also personal liability for the debt, by the thirteenth section of the act in question, permits in the same action a recovery in rem, and, in addition, a judgment in personam, against the debtor. We cannot, without disregarding the material force and meaning of the language of this section, hold that it authorizes a personal judgment against a contractor, independent of and unconnected with a judgment establishing and enforcing the lien."

Summing up its conclusion, the court say: "If the action fails * * * for the reason that no lien was ever obtained, it fails altogether."

This case was followed in Weyer v. Beach, 79 N. Y. 410, and there the court elaborated the argument, holding that the proceeding, being purely statutory, could be resorted to only in a case falling within the statute, that is, where a mechanic's lien exists. "The main object of the proceeding is to enforce the lien, and the power to render a personal judgment is merely incidental to the main purpose, and to avoid the necessity of resorting to a separate action. But where no lien exists, this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the proper common-law action. If it did, all demands on contracts relating to building, and many others, might be enforced by proceedings under the statute, by simply making the false allegation that a lien had accrued. * * * But in no case has it been held that, where no lien ever existed, the proceeding can be entertained for the mere purpose of enforcing a personal contract."

These cases have been cited with approval, and made the basis of decisions, under the present lien law (Laws 1897, p. 514, c. 418), and embodied, so far as the proceedings for the enforcement of mechanics' liens are concerned, in sections 3398–3418 of the Code. Section 3412 of the Code reads:

"If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action."

It will be noticed that this section is much broader than that under which Burroughs v. Tostevan and Weyer v. Beach, supra, were decided. Yet, following these cases, our Appellate Division held, in effect, in McDonald v. Mayor, 58 App. Div. 74, 68 N. Y. Supp. 464, that only a lienor could avail himself of any rights thereunder. "But where a lien does not actually exist, a party cannot invoke the equitable powers of the court upon the mere pretense of such existence, and thereby deprive his adversary of what he otherwise would be entitled to, viz., a trial by jury." To the same effect is Cody v. White, 34 Misc. Rep. 639, 70 N. Y. Supp. 589, and most recently the case of Castelli v. Trahan, 77 App. Div. 472, 78 N. Y. Supp. 950, reannounces the rule as "established by authority that in the absence of a valid lien there can be no personal judgment in actions of this character."

In view of this unbroken line of authority, it would be futile to seek to set out here a broader interpretation of the sections in question, even though it might be shown that the recent cases, under broader statutes, are directly founded on the earlier Court of Appeals cases based upon statutes whose language was more restricted.

I have been able to find but a single case where personal judgment was permitted in the absence of a lien. That is Thomas v. Sahagan (Sup.) 10 N. Y. Supp. 874. This was affirmed in the Court of Ap-

peals sub nom. Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577, but without the point here discussed being there passed upon, although it may reasonably be said to have been involved in the decision. But that case was decided under section 15 of the Laws of 1885 (page 589, c. 342), which permitted "any claimant" who failed to establish a valid lien, to recover a personal judgment against the party primarily liable to him. The present law limits it to any "lienor," obviously a narrower term. Following McDonald v. Mayor, supra, which is binding upon this court, I am constrained to hold that a claimant who has never attempted even to file a lien cannot have the additional relief granted to one who sought to become a lienor.

In conclusion, reference should, perhaps, be made to section 3403 of the Code, to the effect that "the court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and determine all issues raised by any defense or counterclaim in the action." This section, however, is merely a substantial re-enactment of section 17, c. 342, p. 590, Laws 1885, which was construed in Alyea v. Citizens' Savings Bank, 12 App. Div. 577, 42 N. Y. Supp. 187, where the court say: "It is quite clear, in view of the context, that these equities are only such as arise by reason of liens which exist upon the property, and the determination of which is necessary to the settlement of the rights of the parties to the action."

I think, therefore, that it is clear, under the authorities, that the defendant Bostwick can secure no relief in the present action, and that a stay of any part of the City Court suit would consequently be improper. The motion must be denied. No costs are allowed.

Motion denied; no costs.