## MOWBRAY v. LEVY.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. APPEAL—QUESTIONS PRESENTED FOR REVIEW.
   Where the decision in a suit to enforce a mechanic's lien was in the short form authorized by Code Civ. Proc. § 1022, and the appeal by defendant was on the judgment roll alone, the decision that plaintiff was never entitled to a lien was conclusive.

2. MECHANIC'S LIEN—SUIT TO ENFORCE—PERSONAL JUDGMENT—WHEN AUTHORIZED.
   Code Civ. Proc. § 3412, providing that a lienor failing for any reason to "establish a valid lien" in an action to enforce a mechanic's lien may recover judgment therein for such sums as are due him against any party to the action, does not authorize the entry of a personal judgment in proceedings to enforce a mechanic's lien in favor of one who never could have had a lien.

Appeal from Special Term, Kings County.

Action to foreclose a mechanic's lien by William E. Mowbray against Henrietta Levy. From a personal judgment for plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

F. J. Moissen, for appellant.
Louis S. Phillips, for respondent.

JENKS, J. The decision is in the short form authorized by section 1022 of the Code. The appeal by the defendant is upon the judgment roll alone, and therefore the decision that the plaintiff was never entitled to any lien must stand. Gardner v. N. Y. Mut. S. & L. Ass'n, 67 App. Div. 141, 73 N. Y. Supp. 604; Matter of Health Department v. Weeks, 22 App. Div. 110, 47 N. Y. Supp. 913. But the court gave personal judgment against the defendant for $400 for services, and the defendant excepted to that part of the decision on the ground of want of jurisdiction. The sole question, then, for review, is whether, in an action to foreclose a mechanic's lien, when it is finally determined therein that the plaintiff could never have had any mechanic's lien, the court may proceed to render a personal judgment. It is insisted that this is permitted by section 3412 of the Code of Civil Procedure, which reads as follows:

"If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any party to the action."

Upon his plea of statutory lien, the plaintiff invokes the statutory remedy to enforce it, and only thus gains the ear of the equity court. Though that court decides that a mechanic's lien was never available, the suitor nevertheless insists that he is entitled to a common-law

judgment, because the statute providing for the enforcement of such lien incidentally permits it. If in such a case it does afford such remedy, then I think it is unconstitutional, in that it deprives his adversary of a jury trial. The distinction to be kept in mind is that the court of equity has determined it could never have acquired jurisdiction in this case. The equity court will not steal its jurisdiction from the law side of the court, but, when it fairly belongs there, it may retain it, in order to do justice, even though it is necessary to give a personal judgment. The distinction is stated by O'Brien, J., in Dudley v. Congregation, etc., of St. Francis, 138 N. Y. 451, 34 N. E. 281, and Parker C. J., in McNulty v. Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196. That so drastic an application of the statute law would be unconstitutional is, I think, virtually the ground of the decision in McDonald v. Mayor, 58 App. Div. 73, 68 N. Y. Supp. 462; German-American Provision Co. v. Garrone, 73 App. Div. 409, 77 N. Y. Supp. 134; Altieri v. Lyon (Super. Ct.) 13 N. Y. Supp. 617. But I think that the section is not so to be construed. Its terms are not a declaration that, although there could never be a lien, the plaintiff may proceed to personal judgment under the guise of a proceeding to enforce a lien. I construe the statute to mean that in a case where equity has jurisdiction, where a mechanic's lien was permissible and was filed, and it appears on the foreclosure trial that in consequence of some technicality or informality the lienor must be defeated on his lien, the court may nevertheless, in the interest of substantial justice, render a personal judgment. I think that the failure "to establish a valid lien," which permits the lienor nevertheless to go on and to recover a money judgment, does not mean that this can be done if the plaintiff could never have had a lien at all, but that it applies to cases in which the lien has been defeated by the lapse of time, the intervention of prior liens which eat up the fund, or some occurrence of like character or import, the effect of which is to prevent the creation of a lien to which the plaintiff would otherwise be entitled. I have not attempted any general definition. Definitions are often dangerous. But I have tried to indicate demarcation. In other words, where a court of equity, "upon the broad facts" in the case, has jurisdiction, it will retain it, to prevent injustice, even though the remedy must be personal judgment. The very cases cited by the learned counsel for the respondent indicate, almost without exception, the distinction which I have sought to express. In Glacius v. Black, 67 N. Y. 563, we are referred to the same case (50 N. Y. 145, 10 Am. Rep. 449). There the court say:

"The point is made by the appellant that the judgment should be reversed, without a new trial, claiming that the lien has expired, and no personal judgment can be rendered against the defendant. This position is not tenable. If the lien has expired, the action can still be prosecuted as a personal action. The twentieth section (Laws 1854, p. 1091, c. 402), as amended in 1871 (Laws 1871, p. 363, c. 188), is explicit in retaining the lien, but it is unnecessary to determine now whether the lien continues, or not."

In Smith v. City of New York, 32 Misc. Rep. 380, 66 N. Y. Supp. 686, the court said:

"It is conceded that the undertakings given by the bonding company did discharge the liens. This undoubtedly assumes that some lien existed."

And the court, in discussing the law, said:

"If it should appear that, by some omission which did not really affect any of the rights of the parties, a lien was not technically created, the court still has the power to give judgment upon a just claim," etc.

The opinion goes farther, but is obiter.

In Snaith v. Smith, 7 Misc. Rep. 37, 27 N. Y. Supp. 379, the court rested its decision upon the ground that the complaint contained an equitable and a legal cause of action. In Crouch v. Moll (Sup.) 8 N. Y. Supp. 183, the lien was established, but circumstances arose before the beginning of the action which rendered it impossible or unavailing to take judgment, in that a superior lien was foreclosed, and the court held that it was not thereby ousted of jurisdiction. In Altieri v. Lyon, supra, there were liens in the first instance, and the court took, I think, a correct view of the law when it said:

"Certainly it would not be right, and we are of the opinion that it was not the intention of the Legislature, to allow a person to bring an action to foreclose a mechanic's lien, and then, if he be defeated in that action, to recover a money judgment for any sum that may be due on any contract between him and the defendant. It was, rather, the intention of the Legislature to allow a mechanic or a furnisher of materials to recover a money judgment if his action to foreclose his lien was defeated by reason of any informality in the lien, or by reason of any neglect to enforce the lien within the time required by law."

In Thomas v. Sahagan (Sup.) 10 N. Y. Supp. 874, there were valid liens. In another case, not cited by the counsel (Wick v. Ft. Plain & Richfield Springs R. Co., 27 App. Div. 577, 583, 50 N. Y. Supp. 479, 483), the court, per Follet, J., say:

"It is well settled that when liens are filed for labor performed and materials furnished, which have become inoperative by the lapse of time, judgments for the amounts due on the claims may be rendered in an action brought to foreclose one of the liens, and to determine the rights and priorities of the others."

The judgment should be reversed.

Judgment reversed and new trial granted; costs to abide the final award of costs. All concur.