SHAW v. WILKE.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. MECHANICS' LIENS (§ 303*)—ENFORCEMENT—PERSONAL JUDGMENT.

Under Code Civ. Proc. § 3412, providing that, if the lienor fails to establish a valid lien, he may recover judgment in an action brought to foreclose the lien for such sums as are due him, where a party, suing to foreclose a mechanic's lien, alleged and proved a cause of action on contract, he was entitled to judgment, although the foreclosure of the lien was barred.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 628–631; Dec. Dig. § 303.*]

2. MECHANICS' LIENS (§ 260*)—ACTION TO FORECLOSE—LIMITATIONS.

An action cannot be brought to foreclose a mechanic's lien after the expiration of a year from the filing thereof.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 456–468; Dec. Dig. § 260.*]

Appeal from Delaware County Court.

Action by James A. Shaw against Henry E. Wilke. From a judgment of the County Court, reversing a judgment of a Justice Court in favor of plaintiff, he appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Williams & Conlon (N. E. Conlon, of counsel), for appellant.
Henry E. Wilke, for respondent.

JOHN M. KELLOGG, J. The complaint in justice's court alleged the filing of a mechanic's lien for $23.12 for dressing and repairing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lumber and wood used in the construction of a building upon the premises described. It showed the rendering of the service, the value thereof, and demanded judgment for the amount. It also alleged the filing of a lien on the 12th day of August, 1907, within 90 days after the completion of the work, and demanded a foreclosure of the lien. The action was begun in November, 1908. The County Court reversed the judgment in favor of the plaintiff for the value of the services, upon the ground that the court had no jurisdiction to enter judgment without a foreclosure of the lien, and that the lien did not survive the expiration of one year, relying upon Mowbray v. Levy, 85 App. Div. 68, 82 N. Y. Supp. 959.

Section 3412 of the Code of Civil Procedure provides that, if the lienor shall fail for any reason to establish a valid lien, he may recover judgment in an action brought to foreclose the lien for such sums as are due him or which he might recover in an action on contract. It does not seem to be material, therefore, for what reason the plaintiff is defeated in his claim of having a lien. If he alleges and shows a common-law liability, he is entitled to judgment thereon, no matter what the cause of the failure to establish the lien is. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572. It is true that the expiration of the year was a complete defense to the plaintiff's action to foreclose his lien; but he alleged and proved a cause of action on contract, and the justice properly gave him judgment therefor.

The judgment of the County Court is therefore reversed, and the judgment of the justice's court affirmed, with costs to plaintiff in this court and in the County Court. All concur.