### THOMAS v. SAHAGAN et al.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

MECHANICS' LIENS—ENFORCEMENT—JUDGMENT.

    In an action by subcontractors, the general assignee of the original contractor was made a defendant, and showed that the owner broke the contract by refusing to pay the second installment at the stage of the work agreed upon. *Held,* that the judgment properly directed the sale of the property for the liens, and that the difference between the liens and the second installment be paid to the assignee though the contractor had filed no lien; Laws N. Y. 1885, c. 342, § 15, providing that any claimant who fails to establish a valid lien may recover a judgment for whatever is due him against any party.

Appeal from special term, Westchester county.

Action to force a material-man's lien by Edwin L. Thomas, who furnished lumber to James P. Stewart and William T. Edmonds, the contractors for the erection of a building owned by defendant Astan Sahagan, who alone appeals from the judgment.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Joseph F. Daly,* for appellant. *John H. Ferguson,* for respondent.

BARNARD, P. J. The defendant Sahagan made a contract with Stewart and Edwards for the erection of a house on his lot in Yonkers. The price to be paid the contractors was $6,176, payable in installments on the certificate of the architect. The contractors inclosed the building, and thus became entitled to the first payment of $1,500. The second installment was payable "when floor should be laid, partition set, and ready for the mason, $1,500." The question litigated on the trial was whether the contractors had earned this second payment, for they failed to carry out the contract, and made an assignment. The architect refused the certificate, but the trial judge has found that the refusal was unreasonable, and unjustifiable, and that the second payment was earned. The appeal is taken from the judgment based upon the finding that the second installment was due and payable. The words of the contract are very general. The floors were to be laid, and partition set, and ready for the mason. The contract calls for pine for window-frames and light shafts to inside rooms. The house would not be ready for the mason until they were put in, and they were put in from cotton-wood, and not pine. The proof was contradictory as to the assent of the architect to the change. The contractor and architect were at variance, but as the refusal of the certificate by the architect was put on other grounds, and did not refer to the use of cotton-wood instead of pine, it is most reasonable to believe that the change was assented to. The deficiencies claimed by the architect were the subject of contradictory proof. Some of the items were proven to be outside of the requirements for the second payment, and some were done after the architect pointed them out, when a certificate was again asked for, and again refused. The owner was therefore in the wrong when he refused to pay the installment, and the lienors are entitled to payment out of the sum actually due by the terms of the contract when the owner refused to carry out its provisions. *Graf* v. *Cunningham,* 109 N. Y. 369, 16 N. E. Rep. 551. It was therefore of no moment as between the parties whether or not the building cost more to complete than the original contract price, and the refusal to find on that question was not error. The liens filed are not sufficient to absorb the whole $1,500. The assignee of the contractor was made a party defendant. He answered that the owner broke the contract, and seeks to recover for a breach of contract. The judgment directs the sale of the prop-

erty for liens which are unquestioned, and the difference between these liens and the second installment to be paid to the general assignee of the contractor. This was right. The owner and contractors were necessary parties defendant; either could question the facts on which the lien was based. As to different lienors the lien act provides that all shall be provided for by the judgment in their order of priority, and paid out of the proceeds of sale. The judgment must establish the amount of all the liens, and direct the sale of the land for their payment. The contractor made a claim for which he had filed no lien. By the fifteenth section of chapter 342 of the Laws of 1885, any claimant who fails to establish a valid lien may recover a judgment for whatever is due him against any party or parties. This appears to be broad enough to uphold the judgment. A multiplicity of suits is not favored, and with all the parties before the court, and every fact proven from which the rights of all parties could be determined, it seems not to be right to cut the contractors' claim off because the liens do not consume all which is due under the contract to the contractor. The judgment should be affirmed, with costs.