### DEANE STEAM PUMP CO. v. CLARK et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. MECHANIC'S LIEN—PROCEEDINGS TO ENFORCE—PERSONAL JUDGMENT.

Code Civ. Proc. § 3412, providing that a lienor failing to establish a valid lien in a proceeding to enforce a mechanic's lien may recover judgment for such sums as are due against any party to the action, does not authorize a personal judgment against the owner of the property in proceedings to enforce a mechanic's lien in favor of a person who never filed a mechanic's lien, and made no demand for a personal judgment.

2. SAME—JURY TRIAL—WAIVER.

Where an owner of property in proceedings to enforce a mechanic's lien was served with an answer of a codefendant, the principal contractor, which gave no notice that a personal judgment would be demanded, the failure of the owner to ask for a jury trial did not constitute a waiver of his right thereto.

Appeal from Special Term, New York County. '

Action by the Deane Steam Pump Company against Nathan E. Clark and Hobart D. Betts, as assignee of the Armstrong & Bolton Company. From a judgment in favor of Betts against Clark, the latter appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Josiah Canter, for appellant.
George Whitefield Betts, Jr., for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. The defendant Clark contracted with Foskett, Bishop & Co. to furnish 'and install a steam-heating apparatus in apartment houses on premises owned by him. Pending performance of the contract, it was assigned to the Armstrong & Bolton Company. The plaintiff, at the instance and request of the Armstrong & Bolton Company, furnished and installed certain steam pumps in connection with the contract work, and filed a lien therefor. The lien was acknowledged, but not verified, and for this reason was adjudged to be void, but the

plaintiff was awarded a personal judgment against the assignee of the contract, and it has not appealed. The assignee of the contract made an assignment to one Ripley for the benefit of its creditors. He died, and respondent, Betts, was appointed assignee in his place. The answer of the former assignee for the benefit of creditors, which was permitted to stand as the answer of his successor, alleged the performance of the contract work by the insolvent company and its assignor, except certain bronzing of radiators for which a reduction of $100 was agreed upon; that by the express terms of the contract the owner gave the contractor a lien upon the premises for the contract price of the work; that in connection with the work covered by the contract certain extra work of the value of $1,114.90 was performed; that this extra work embraced "the furnishing of an electric pump—being the pump mentioned in the complaint"; and the prayer for relief was "that it be adjudged that there is due this defendant from the defendant Nathan E. Clark" the sum of $1,014.90, with interest from October 1, 1900, and that the defendant have a lien therefor upon the premises, or, in the alternative, that plaintiff's lien be ascertained and enforced, and from the proceeds of the sale the assignee be paid "the amount of the plaintiff's lien." The answer of the appellant, the owner, alleges, among other things, payment in full; that the materials furnished were not of the character and quality agreed upon, and not of the value charged and paid for by him, but were of an inferior quality; that, owing to the failure of the insolvent company and its assignor to perform the contract according to its terms, he sustained damages in the sum of $1,000; and demands judgment that the complaint be dismissed, that the lien filed by the plaintiff be discharged and canceled, that he is not indebted to the assignee for the benefit of creditors, and that it be adjudged "what, if any, amounts are due this defendant from the Foskett and Bishop Company or defendant the Armstrong & Bolton Company, the assignee for the benefit of creditors," and that this defendant have judgment for such amount when the same is ascertained. The judgment, following the decision, cancels the plaintiff's lien, and adjudges that the defendant Betts, as such assignee, has a lien upon the premises by virtue of the contract for $104 and interest from the 1st day of October, 1900, for work, labor, and services performed and materials furnished, and that he may apply to the court "for any further order for the enforcement of said lien," with interest and costs, "as he shall be hereafter advised," and awards a personal judgment in favor of Betts, as such assignee, against the appellant, for the sum of $922.92, with interest thereon from the 1st day of October, 1900, and recites that this includes the amount of said lien. It thus appears that no valid mechanic's lien was established in favor of any party, and that the judgment establishes an equitable lien in favor of Betts, as assignee, for part of his claim, and awards personal judgment for the entire amount of his claim against the owner, without decreeing the enforcement of the lien in the first instance. This the appellant contends could not be done. The record does not disclose which of these answers was interposed first, or whether the answer of either defendant was served upon the other. The decision and judgment

were apparently made on the theory that the pumps furnished by the plaintiff were not covered by the contract, but constituted extra work, and that the contract lien did not extend to the extra work performed by the contractor. The vice president and treasurer of the Armstrong & Bolton Company was sworn as a witness for the plaintiff, and, after proving the original contract, which was received in evidence under the objection and exception of the owner, and testifying, in substance, that it did not embrace the work for which the lien was filed, was asked what took place between him and the owner with reference to furnishing pumps. This was objected to by counsel for the owner upon the ground that it was incompetent, irrelevant, immaterial, and "on the ground the court has no jurisdiction under such claim." When counsel for the assignee, Betts, at the suggestion of the court, was proceeding to examine a witness for the purpose of establishing the facts interposed by the answer of his client, counsel for the appellant objected upon the ground, among others, that the court was without jurisdiction, inasmuch as no valid statutory lien had been filed; that the owner was not a party to the contract between the contractor and the plaintiff, and, there being no valid lien, no judgment could be awarded against him; and further, in substance, that no personal judgment against the appellant was demanded by the assignee for the benefit of creditors, who confined his demand to a lien and judgment for the enforcement thereof. The court overruled the objections, and counsel for the appellant excepted. The assignee for the benefit of creditors was then permitted to show the facts upon which he has recovered a personal judgment against the appellant. This, we think, was error. Except for the provisions of section 3412 of the Code of Civil Procedure a personal judgment for damages could not be recovered by either party against the other in an action to foreclose a mechanic's lien, unless a valid lien was established. Weyer v. Beach, 79 N. Y. 409; Burroughs v. Tostevan et al., 75 N. Y. 567; McDonald v. Mayor, 58 App. Div. 75, 68 N. Y. Supp. 462. It has been recently held by this court that by virtue of the provisions of that section a personal judgment may be recovered, notwithstanding that the lien may be declared void; and we have suggested methods by which the statutory rights of the parties to a jury trial in that event may be preserved. Hawkins v. Mapes-Reeves Construction Co. (March term, 1903) 81 N. Y. Supp. 794. It may be, however, that this right to recover a personal judgment where the lien is void is limited to parties who have filed a mechanic's lien and demanded enforcement thereof. This question, however, need not be now decided. Here not only has no mechanic's lien been established by any party, but the assignee neither filed a mechanic's lien nor demanded a personal judgment against the owner. The appellant seasonably raised the question by objecting, and, as further appears by the record, drew the attention of the court to the Court of Appeals decision in Burroughs v. Tostevan, supra. It then appearing that there was no valid lien, this objection was sufficient, especially in view of the failure of the assignee for the benefit of creditors to demand a personal judgment, to preclude a recovery of such judgment against the owner. The appellant clearly had the right

to a jury trial of the issues upon which the personal judgment has been rendered. The answer of the assignee for the benefit of creditors, assuming it to have been served upon him, gave him no notice that a personal judgment would be demanded; consequently we cannot infer any waiver of his right to a jury trial by his failure to move for the settlement of issues therefor, or to formally demand the same at the trial.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.