THE DEANE STEAM PUMP COMPANY, Plaintiff, *v.* NATHAN E. CLARK, Appellant, Impleaded with HOBART D. BETTS, as Assignee for the Benefit of Creditors of the Armstrong & Bolton Company, Respondent, and HENRY OPPENHEIMER, Defendant.

*Foreclosure of a mechanic's lien — a personal judgment is proper only where a lien has been filed.*

Section 3412 of the Code of Civil Procedure, which provides that a personal judgment may be recovered in an action to foreclose a mechanic's lien "if the *lienor* shall fail, for any reason, to establish a valid lien," only applies where the party claiming the personal judgment has filed a mechanic's lien and such lien has, for some sufficient reason, become unenforcible; no personal judgment can be rendered in such an action in favor of a party who, so far as appears, has not filed a lien for any portion of his claim.

The section was not designed to permit a personal judgment to be entered upon a simple contract obligation, irrespective of the provisions of law for the enforcement of liens, and thus to bring into a court of equity the final adjudication of a claim which has no other status than that of one enforcible at the common law and triable by a jury.

APPEAL by the defendant, Nathan E. Clark, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of September, 1903, allowing the defendant Hobart D. Betts, as assignee for the benefit of creditors of the Armstrong & Bolton Company, to amend his answer.

*Josiah Canter*, for the appellant.

*George Whitefield Betts, Jr.*, for the respondent.

PATTERSON, J. :

This is an appeal from an order allowing the defendant Betts, assignee for the benefit of creditors of the Armstrong & Bolton Company, to amend his answer. He is a defendant in an action for the foreclosure of a mechanic's lien. The Deane Steam Pump Company sued the defendant Clark to foreclose a lien upon certain premises owned by Clark, who had contracted with the Foskett & Bishop Company to furnish and install a steam heating apparatus in the

premises against which the plaintiff filed the lien. The contract was assigned to the Armstrong & Bolton Company, of which concern one Ripley became an assignee for the benefit of creditors. He died and the defendant Betts was appointed assignee in his place. The answer of Ripley was adopted by Betts, assignee, and it contained allegations of performance of work by the Armstrong & Bolton Company. It was then set up that by contract between the owner and the contractor the latter was given a lien on the premises for the contract price of the work, and relief was sought that it be adjudged that the assignee was entitled to recover from the owner a certain sum and that the defendant have a lien therefor, or that the plaintiff's lien be ascertained and enforced and from the proceeds of sale the assignee be paid. The defendant Clark also answered. The cause was tried and by the judgment entered in the action the plaintiff's lien was canceled, but it was adjudged that the defendant Betts had an equitable lien on the premises and a personal judgment was awarded in favor of the assignee against Clark, the owner.

On appeal to this court the judgment in favor of Betts, the assignee, was reversed on the ground that the assignee had not demanded in his answer a personal judgment against the owner, the court remarking : " Here, not only has no mechanic's lien been established by any party, but the assignee neither filed a mechanic's lien nor demanded a personal judgment against the owner." (*Deane Steam Pump Co.* v. *Clark*, 84 App. Div. 454.) After that decision by this court the assignee moved to amend his answer by inserting therein a demand for a personal judgment against Clark, the owner. The proposed amendment is confined only to the demand for judgment and is in the following words : " That if for any reason this defendant fails to establish a valid lien herein for all or any part of said sum due him he may recover personal judgment against said defendant, Nathan E. Clark, for the sum of ten hundred and fourteen and 90/100 dollars ($1,014.90), with interest from October 1, 1900, and the costs and expenses of this action or for such part thereof as he shall fail to establish a valid lien therefor."

Neither this amended answer nor the original answer of the assignee contains an allegation that the insolvent company or the receiver has ever filed a mechanic's lien against the property or the interest therein of Clark, the owner, and the allowance of the amend-

DEANE STEAM PUMP CO. v. CLARK. 461

ment is of no utility if a personal judgment against the owner can be awarded only to a claimant who has filed a lien under the provisions of the Lien Law. The right to recover a personal judgment in an action to foreclose a mechanic's lien is derived from section 3412 of the Code of Civil Procedure, which provides that " if the *lienor* shall fail, for any reason, to establish a valid lien in an action under the provisions of this title (Code Civ. Proc. chap. 23, tit. 3) he may recover judgment therein for such sums as are due him or which he might recover in an action on a contract against any party to the action." By the terms of this section the right to the recovery of a personal judgment is limited to a lienor and the lienor mentioned in section 3412 is the lienor spoken of in title 3 of chapter 23 which regulates proceedings for the enforcement of mechanics' liens on real property.

It was held in *Mowbray* v. *Levy* (85 App. Div. 68) that in an action to enforce a mechanic's lien, where it is adjudged that the plaintiff never had such a lien, the court has no power under section 3412 of the Code of Civil Procedure to grant a personal judgment against the defendant ; and the remarks of JENKS, J., in the opinion of the court in that case are pertinent. He says : " Its terms are not a declaration that although there could never be a lien, the plaintiff may proceed to personal judgment under the guise of a proceeding to enforce a lien. I construe the statute to mean that in a case where equity has jurisdiction, where a mechanic's lien was permissible *and was filed,* and it appears on the foreclosure trial that in consequence of some technicality or informality the lienor must be defeated on his lien, the court may, nevertheless, in the interest of substantial justice, render a personal judgment." In that view we concur. It was not intended by this section 3412, as we construe it, to allow a personal judgment to be entered upon a simple contract obligation irrespective of the provisions of law for the enforcement of mechanics' liens and thus to bring into a court of equity the final adjudication of a claim which has no other status than that of one enforcible at the common law, in which a debtor, when sued, is entitled to a trial by jury.

Being of the opinion that in order to recover a personal judgment against the owner in this action, it is necessary for the assignee to show that a mechanic's lien had been filed which for some sufficient

reason became unenforcible, and no allegation being contained in his proposed amended answer that such a lien for his claim or any part thereof had been filed, the amendment of the answer relating only to the demand for judgment would be a mere futility, and hence the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to amend denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.