FREIDENRICH v. CONDICT et al.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

1. CONTRACTS—PERFORMANCE—EXCUSE FOR DEFECTS.

Where a contractor agreed to install a refrigerator plant for a hospital under a guaranty that it would do a certain amount of work, and installed it in the manner directed by the hospital architect under protest, the contractor insisting that it would not do the work if erected in such a manner, if the installation of the plant as directed by the hospital was the cause of its failure to perform the guaranteed work, the contractor may recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1424–1433.]

2. PAYMENT—PAYMENT BY ORDER—ACCEPTANCE—NECESSITY.

Where a contractor agreed to install a refrigerator plant for defendant hospital, and gave an order on the hospital to a subcontractor in payment of materials furnished, the acceptance of such order by the subcontractor was not in absolute payment of its claim, irrespective of whether or not the hospital honored the order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, § 72.]

3. MECHANICS' LIENS—FAILURE TO ESTABLISH—PERSONAL JUDGMENT.

In an action by subcontractors to foreclose a mechanic's lien for materials furnished in erecting a refrigerator plant, where the original contractors and their assignees were made parties defendant with the owners, but the lien was dismissed against the owners because there was nothing due the contractor, the subcontractors were entitled to a personal judgment against both the contractors and their assignees for the materials furnished.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 636.]

4. SAME.

In a suit by subcontractors to foreclose a mechanic's lien, where the contractors were made parties defendant with the owner, the contractors having filed no lien, they were not entitled to a personal judgment against the owner, since the latter was entitled to a jury trial as to the contrac-

tor's right to recover; it being only where the party has filed a mechanic's lien that he may have a personal judgment on failure to establish the lien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 632–635.]

5. APPEAL—DETERMINATION AND DISPOSITION OF CAUSE—INCIDENTAL RELIEF TO UNSUCCESSFUL PARTY.

In an action by subcontractors to foreclose a mechanic's lien, where the contractors were joined as defendants with the owner, the contractors having filed no lien against the property, and in their answer did not demand that plaintiff's lien be enforced, but requested its dismissal on the ground that the claim had been paid, on an appeal by the contractors from a personal judgment against them for the materials furnished by plaintiff, the only relief this court may grant them as against the owner is to provide that the present decision shall not bar a future action by them against the owner on their contract.

Appeal from Trial Term, New York County.

Action by Oscar W. Freidenrich against Nathan Woodhull Condict, Steele & Condict and another to foreclose a mechanic's lien. From a judgment in part for plaintiff, the defendants named appeal. Affirmed as modified.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Frederick Hulse, for appellants.

F. R. Minrath, for respondent Mt. Sinai Hospital.

Laurence Arnold Tanzer, for respondent Freidenrich.

HOUGHTON, J. The defendant Condict contracted to install a refrigerating plant for the defendant the Mt. Sinai Hospital, and guaranteed that, when installed, it would produce three tons of ice every 24 hours, and maintain a 20-ton refrigerating capacity on live steam at 80 pounds pressure, or exhaust steam at 1-pound back pressure. This contract was claimed to have been assumed by the subsequently formed corporation, the defendant Steele & Condict. The plant was installed under the supervision of the hospital architect. Steam for the running of the plant and connections from the boilers were to be furnished by the hospital. The plaintiff's assignor supplied a certain portion of the plant under a subcontract, and was given an order upon the hospital for the amount due, which it refused to pay. A mechanic's lien was thereupon filed, and this action was brought for its foreclosure.

The contention of the defendant hospital on the trial was that the plant, when installed, did not fulfill the guaranty as to capacity, and hence no final payment became due on the contract which could be applied to the satisfaction of plaintiff's lien. Quite irrespective of their answers, however, but without any proper objection thereto, defendant sought to show that this failure resulted from improper installation insisted upon by the hospital agents. From the record it would seem the trial court did not give due weight to the facts proved showing the plant failed to do the work guaranteed because it was improperly installed under the direction of the architect and engineer of the hospital. Defendant Nathan W. Condict, the original contractor, was a man of many years' experience in installing

refrigerating machines, and was patentee of the machine to be installed, and had erected and put in operation upwards of 100 plants, and had charge of the installing of the present one in behalf of the defendants. For its proper working the machine required a free circulation of steam. The hospital architect and engineer each informed him that the plans of the building were such that pipes could not be run so that this could be accomplished, and insisted that another system would do just as well. Condict repeatedly and consistently protested against the form of construction which they insisted upon, and told them the machine was not built for any different conditions, and that it would not work if installed in the manner they demanded. He finally yielded and put in the steam pipes and connections as they directed, insisting that he would not be responsible for the working of the machine installed in that manner. After it was completed, and he was asked to test it, he declined to do so, saying it was no use to do it, because he could tell as well beforehand as after that the machine would not work. Subsequent tests proved that he was correct, and that the best production the hospital experts could obtain was a 15-ton refrigerating capacity. One of these experts testified that in his opinion the parts and pipes of the machine were too small for a 20-ton capacity, and that under no circumstances could it be made to do that amount of work. It was tried under 1-pound exhaust steam back pressure, and did not work. No one, however, tested it at 80-pounds live steam pressure as the contract provided. Condict testified that, if there had been the free circulation of steam which he had insisted was necessary, the machine "would have performed its duty" specified by the contract. He was not asked directly his opinion as an expert whether or not the machine would have fulfilled the contract requirements if the pipes had been placed in the manner he described as proper; but throughout his testimony he explains why refrigerating power was lost from lack of circulation of steam, and why it was necessary that it should circulate, and how circulation was prevented by the manner in which the architect and engineer had insisted upon the plant being installed, and the whole trend of his testimony is that the machine failed to work because it was installed improperly, and that it would have worked properly had he been permitted to install it in the manner in which he insisted it should be. There is nothing contradicting this evidence except the testimony of the experts employed by the hospital, who said that the machine did not do the work required, and that of the one witness who gave it as his opinion that the machine was not big enough, in any event, to do the amount of refrigerating work contracted for. The architect was not sworn, nor the engineer, and there was therefore no contradiction of Condict's testimony that he continuously protested against installing the machine in the manner directed, and continually insisted that it would never do its work properly. Condict did say that the machine pumped enough brine to do the required work, but subsequently explained that from lack of proper circulation the far end of the pipes did not do its part of the work.

If the machine was installed in the manner dictated and insisted

upon by the hospital, which manner turned out to be wrong and the cause of its failure to work, then the contractor was relieved from his guaranty, and the hospital should pay for the machine whether it met the guaranty or not. There is no pretense that the machine was not finally made complete notwithstanding the delay, which was caused by the hospital or was waived by it. The court held there was nothing due the contractors, and dismissed the complaint as against the hospital, but gave a money judgment to plaintiff against the contractors. They alone appeal; the plaintiff standing satisfied with the personal judgment which he obtained against them.

The court was right in determining that the order upon the hospital taken by the plaintiff's assignor was not received in absolute payment, whether the amount was collected from the hospital or not. It was also right in giving a personal judgment against the contractors for the amount due the subcontractors. A lien in proper form had been filed for material furnished in the improvement of real property as the installation of the ice plant was. The rights under that lien having been assigned to plaintiff, and he having brought his action and made the contractors parties defendant, and a valid lien in form thus existing, it was proper for the court to render a personal judgment against the contractors indebted for the material furnished. Hawkins v. Mapes-Reeves Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794, affirmed 178 N. Y. 236, 70 N. E. 783; Clapper v. Strong, 41 Misc. Rep. 184, 83 N. Y. Supp. 935, affirmed 90 App. Div. 536, 85 N. Y. Supp. 748.

The court was also justified in finding that the defendant the Steele & Condict corporation assumed to carry out the contract with the hospital, and that the plaintiff's assignor, therefore, had a claim against it for materials furnished, as well as Condict individually. The defendant Condict by his answer admitted that plaintiff's assignor furnished the refrigerators mentioned in the complaint, and that they were installed in the Mt. Sinai Hospital, and that the amount claimed by plaintiff had not been paid; and, in addition, asked the court to render a personal judgment against him for the difference between the amount due and the amount of the order which he claimed was given in absolute payment. The plaintiff's money judgment against the two defendants must therefore be affirmed.

It is suggested that the contractors have no right of appeal as against the defendant hospital. The record does not disclose that they served their answers upon the attorney for the hospital their codefendant; but it was asserted upon the argument that such was the fact, and we think we would be justified in so assuming. Their answers, however, did not ask that plaintiff's alleged lien be enforced, but demanded that his complaint be dismissed because the alleged order given to his assignor had been taken in absolute payment. The contractors filed no lien, and hence they could not recover a money judgment against the hospital because it was entitled to a jury trial on that issue. It is only where a party has filed a mechanic's lien that upon failure for any reason to establish the lien a money judg-

ment may be given. Dearie Steam Pump Co: v. Clark, 87 App. Div. 459, 84 N. Y. Supp. 851. The most we can do, therefore, even if we were disposed to do more, is to remove any difficulty which the contractors might possibly experience in another action against the hospital by modifying the judgment so that it shall provide that the determination in the present action shall be no bar to any future action which they may see fit to bring against it to recover upon the contract or for any extra work performed.

As so modified, the judgment should be affirmed, with costs to each respondent. All concur.

INGRAHAM, J. In this case the only question, as I view it, that is presented on this appeal is as to the validity of the judgment in favor of the plaintiff against the appellants. There is no question presented as between the defendant and the Mt. Sinai Hospital. The Mt. Sinai Hospital made a contract with its codefendant, Nathan Woodhull Condict, for the installation of a refrigerator plant in its hospital building then in course of construction. Condict made a subcontract with the plaintiff which was completed by the plaintiff, but upon which Condict failed to pay. Whereupon the plaintiff filed a lien against the hospital property, and commenced this action to foreclose that lien, alleging that there was an amount due by the hospital to Condict in excess of the plaintiff's claim. Both Condict and the hospital interposed answers, but the record does not show that the Condict answer was served upon the hospital, and the only judgment demanded by the Condict answer against the hospital is to recover a small sum of money which it was alleged in the answer was due to Condict over and above the amount of the plaintiff's claim; but, as it does not appear by the record, and counsel on the argument did not state as a fact that the Condict answer was served upon the hospital, the court could grant to Condict no relief against the hospital. Section 521 of the Code of Civil Procedure. When the case came on for trial, the plaintiff sought to prove that there was due by the hospital to the defendant Condict a sum of money in excess of that claimed, and the defendant Condict joined with the plaintiff in attempting to prove that fact. That fact the hospital denied, and the learned judge found as a fact that, the defendant Condict having failed to construct the machine in accordance with the provisions of his contract with the hospital and the damages sustained by the hospital in consequence of Condict's failure to comply with his contract being in excess of the amount due to Condict under the contract, neither the defendant Condict nor the plaintiff as assignee of the whole or any part of the claim of the defendant Condict is entitled to any recovery against the hospital; but further held that the plaintiff was entitled to a money judgment against the defendant Condict for the amount due to the plaintiff under his contract with Condict, and upon this decision a money judgment was entered in favor of the plaintiff against the defendant Condict, the complaint being dismissed as to the hospital. The plaintiff, being satisfied with his judgment, did not appeal, but the defendant Condict appealed, and the case is before us on his appeal. The right of the plaintiff to a money judgment against Con-

dict is not disputed. What Condict appeals from is the refusal of the court to allow him any relief as against the hospital, or the refusal of the court to award the plaintiff a judgment foreclosing his mechanic's lien.

It seems to me quite clear that the defendant Condict cannot appeal because the court has not awarded to the plaintiff all the relief asked for. That was a matter as between the plaintiff and the hospital. If the plaintiff was satisfied with his conceded right for a money judgment against Condict, Condict was not aggrieved, and he could not ask the court to reverse the judgment so as to give to the plaintiff a lien upon the property of the hospital. Condict has not paid the judgment, and therefore cannot claim to be subrogated to any right of the plaintiff to prosecute this appeal, or to enforce this lien against the property of the hospital; and there is no theory, so far as I can see, upon which the defendant Condict can object because the plaintiff was not afforded all the relief he demanded. The failure of Condict to serve his answer upon the defendant hospital precluded the court from determining any question in controversy between Condict and the hospital; and, as the court below had no power to give to the defendant Condict any relief as against the hospital, we certainly are not justified in reversing the judgment because the court has refused to give Condict such relief.

Without considering, therefore, the merits of the case, it seems to me that we can do nothing else but affirm this judgment. As it is claimed, however, that the question as between the hospital and Condict was never determined because of the inability of the court to grant Condict any relief in this action, I think the judgment appealed from should be modified by providing that the determination of this question should not be a bar to a further action brought by Condict against the hospital to recover the amount due to him under the contract; and, as thus modified, the judgment should be affirmed, with costs in favor of the plaintiff against the defendant Condict.