SMITH et al. v. STATE et al.

(Supreme Court, Equity Term, Cayuga County. October 1, 1909.)

1. STATES (§ 191*)—ACTIONS—RIGHT TO SUE.
   A state cannot be sued by one of its citizens unless it consents to be sued by express legislative enactment.
   [Ed. Note.—For other cases, see States, Cent. Dig. § 179; Dec. Dig. § 191.*]

2. STATES (§ 108½*)—ACTIONS AGAINST—JURISDICTION.
   Code Civ. Proc. § 3402, was amended in 1906 (Laws 1906, p. 549, c. 255, § 2) to provide that plaintiff in foreclosure of a mechanic's lien should join the state as a defendant the same as a private person when the lien was against state funds. Section 3400 permits a lien for labor or materials for a public improvement to be enforced against state funds as prescribed by article 1 of the lien law and against the contractor or subcontractor liable for the debt in the same manner as a mechanic's lien on real property. Section 3403 authorizes the court to adjust the equities of all parties and determine all issues raised by any defense or counterclaim in the action, and section 3418 provides that if, in an action to enforce a lien for a public improvement the lien is established, judgment shall be rendered directing the state to pay to the lienors entitled thereto for material fur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nished to the extent of the sums due them from the contractors so much of the funds due from the state to the contractor as would satisfy the liens, not exceeding the amount due the contractor, all of which sections are now substantially incorporated in the consolidated lien law (Consol. Laws, c. 33; Laws 1909, c. 38). *Held*, that the defenses and counterclaims referred to in section 3403 which might be litigated in an action to enforce a lien against the funds of the state referred to claims sought to be enforced by lienors, and, since a contractor could have no lien under the statute against funds applicable to payment for public improvements, the Supreme Court had no jurisdiction, in an action to foreclose a mechanic's lien against funds due from the state to a contractor, to render judgment against the state for the amount due the contractor in excess of such lien.

[Ed. Note.—For other cases, see States, Dec. Dig. § 108½.*]

Action to foreclose a mechanic's lien by Irving W. Smith and another against the State of New York and others. Judgment establishing the validity of plaintiffs' liens, but the right of defendant contractor to a judgment for the excess.

Action to foreclose a mechanic's lien upon funds of the state of New York applicable to the payment for the improvement of a public highway in the towns of Skaneateles and Spafford, being known as highway improvement No. 431.

Albert H. Clark, for plaintiff.

Andrew E. Tuck, Deputy Atty. Gen., for the State.

Charles A. Hawley and Harry T. Dayton, for defendant J. Charles Dayton.

Edward C. Miller, for defendants Shultz and De Witt.

James J. Hosmer, for defendants Jesse Bishop and another.

Herbert L. Smith, for defendant County Treasurer of Onondaga County.

SUTHERLAND, J.   The defendant J. Charles Dayton contracted with the state of New York through the state engineer and surveyor to do all the work and furnish the necessary materials for the improvement of the Skaneateles-Spafford road No. 431, in the towns of Skaneateles and Spafford, Onondaga county, pursuant to chapter 115, p. 218, Laws 1898, as amended by chapter 468, p. 1087, Laws 1906. The work has been completed, and it is conceded by the Attorney General that there is $4,067.99 due the contractor, Dayton, for the performance of said contract and for extra work. Dayton claims that the amount due him is $7,883.28. There is no contest or question as to the validity of the liens filed, or the amount due the lienors. The plaintiffs have a valid lien upon the fund for $119.86, with interest from November 4, 1908. The defendant Bishop filed a lien for $190, with interest from October 31, 1908, and thereafter assigned that lien and all his rights thereunder to the defendant James J. Hosmer, who is entitled to the avails thereof. The defendants Shultz and De Witt have a lien for $184.79, with interest from September 23, 1908. All of these lienors furnished material to or performed labor for the defendant J. Charles Dayton in the construction of said road, and concededly there is a considerable sum due the principal contractor Dayton in excess of the liens.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contest in this case is over the right of the contractor Dayton to a money judgment against the state for the amount due him in excess of the liens. The contractor has offered evidence in support of his claim for extra work, and evidence has been offered on behalf of the state in relation thereto; the state, however, insisting throughout the trial that this court has no jurisdiction in this action to adjudicate upon the amount due from the state to the contractor in excess of the liens filed against the fund. On behalf of the contractor, Dayton, it is argued, on the other hand, that, inasmuch as the court has acquired jurisdiction over the subject-matter of his contract with the state for the purpose of determining the validity of and amounts due upon the liens, there should be a complete adjudication as to the entire amount due the contractor in order that the whole controversy shall be determined and concluded in one action, and in his answer, which was served upon the Attorney General, Dayton asks for judgment against the state for the full amount of his claim. But the contractor Dayton has filed no lien. The statute permitting the filing of mechanics' liens upon funds applicable to the payment for public improvements does not permit the contractor to file a lien. The statute in that respect is only for the benefit of "a person performing work for or furnishing materials to a contractor, or his subcontractor, assignee or legal representative."

In 1906 the Code of Civil Procedure was amended (Laws 1906, p. 549, c. 255, § 2), by adding to section 3402 a provision that the plaintiff in an action to foreclose a mechanic's lien shall join as a defendant "the state, in the same manner as a private person, when the lien is one filed against funds of the state for which public improvement is constructed. In such a case the summons must be served upon the attorney general, who must appear in behalf of the people." And when this action was commenced the Code also provided (section 3400):

"A lien for labor done or materials furnished for a public improvement may be enforced against the funds of the state or the municipal corporation for which such public improvement is constructed, to the extent prescribed in article 1 of the lien law, and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property."

And section 3403 provided that:

"The court may adjust and determine the equities of all the parties to the action and the order of priority of different liens, and determine all issues raised by any defense or counterclaim in the action."

And section 3418 provided that:

"If, in an action to enforce a lien on account of a public improvement, the court finds that the lien is established, it shall render judgment directing the state or the municipal corporation to pay over to the lienors entitled thereto for work done or material furnished for such public improvement, and in such order of priority as the court may determine, to the extent of the sums found due the lienors from the contractors, so much of the funds or money which may be due from the state or municipal corporation to the contractor, as will satisfy such liens, with interest and costs, not exceeding the amount due to the contractor."

This is a matter of statutory construction. The general policy of the Legislature has been to have all legal claims against the state which are in dispute tried by the Court of Claims, a tribunal created by law for

that particular purpose, and invested with ample jurisdiction in the premises. And it is axiomatic that the state cannot be sued by one of its citizens in any court unless by express legislative enactment the state has given its consent to be thus sued. Matter of Hoople, 179 N. Y. 308, 72 N. E. 229. But if, by the sections of the Code quoted above, the Legislature has intended to invest the Supreme Court with jurisdiction to adjudicate the disputed claim of a contractor against the state, in any action brought to foreclose a mechanic's lien against the moneys due from the state to said contractor, no matter how far the claim of the contractor may exceed the amount necessary to satisfy the lien filed by his servant or materialman, then it is manifestly the duty of this court to pass upon the sufficiency of the evidence tendered by the contractor, Dayton, and to render a judgment fixing the amount due, once for all, from the state to him.

But in my opinion the sections of the Code of Civil Procedure which have been referred to, and which are now incorporated in substantially the same language in the consolidated lien law (chapter 38, Laws 1909), disclose no such intention on the part of the Legislature. The defenses and counterclaims referred to, which may be litigated in such an action, are defenses to and counterclaims against the claims sought to be enforced by the lienors; and the question as to whether anything is due from the state to the contractor is necessarily involved, and, if disputed, must be litigated; and the court must determine whether that indebtedness equals the amount of the liens. Newman Lumber Co. v. Wemple, 56 Misc. Rep. 168, 107 N. Y. Supp. 318. But certainly in such an action the court has no more jurisdiction to render a money judgment against the state for the amount due to the contractor in excess of the liens than the court has to render a similar judgment against an individual owner of real estate against which mechanic's liens have been filed in favor of a contractor who has filed no lien. If we assume that in this respect the state stands on the same footing as a private individual, the authoritative decisions are to the effect that defendant Dayton can recover nothing in this action. Deane Steam Pump Co. v. Clark, 84 App. Div. 450, 82 N. Y. Supp. 902; Id., 87 App. Div. 459, 84 N. Y. Supp. 851; Nussberger v. Wasserman, 40 Misc. Rep. 120, 81 N. Y. Supp. 295; Maneely v. City of New York, 119 App. Div. 376, 105 N. Y. Supp. 976; Freidenrich v. Condict, 124 App. Div. 807, 109 N. Y. Supp. 526.

Deane Steam Pump Co. v. Clark was before the Appellate Division of the First Department on two appeals. The action was brought to foreclose a mechanic's lien. The owner of the premises and the contractor were made defendants. The contractor had filed no lien. The trial court awarded a personal judgment against the owner for the payment of the amount claimed by the contractor in excess of the mechanic's liens filed. On the first appeal (84 App. Div. 450, 82 N. Y. Supp. 902) the judgment was reversed upon the ground that the contractor had not demanded in his answer a personal judgment against the owner; but in the opinion the right of the contractor to have such personal judgment was also questioned on the ground that he had filed no lien. The contractor then moved at Special Term for leave to amend his answer by setting up in his prayer for judgment a demand

for personal judgment against the owner. The Special Term granted the motion, but on the appeal from the order permitting the amendment the order was reversed (87 App. Div. 459, 84 N. Y. Supp. 851), the Appellate Division then squarely holding upon the one point upon which the appeal turned that, because the contractor had filed no lien, he could not have a personal judgment in that action against the owner, and that, therefore, the amendment should not have been allowed.

In the case of Thomas v. Sahagian, 57 Hun, 591, 10 N. Y. Supp. 874, modified by Court of Appeals, subnominee Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577, the assignee of a contractor who had filed no lien was awarded by the trial court a personal judgment against the owner for a sum in excess of the liens filed by the plaintiff and others, to foreclose which the action was brought. The right of the contractor to such personal judgment was upheld by the General Term; but, on appeal to the Court of Appeals, the judgment was modified, and the assignee of the contractor and the third lienor were required to stipulate that the judgment against the owner be reduced by $180, payments proved, but not allowed by the trial court. It appears in the record, however, that the personal judgment recovered by the assignee amounted to only $159, so that the reduction made by the Court of Appeals more than wiped out that judgment; and the total recovery against the owner in that action, as finally allowed by the Court of Appeals, was less than the total amount of the liens which had been filed and proved. Accordingly the case does not stand as an adjudication against the owner in favor of the contractor who had filed no lien. And following the authority of Deane Steam Pump Co. v. Clark, and the other cases cited, we decline to pass upon the sufficiency of the evidence offered by the contractor, Dayton, to sustain his claim in excess of the amount required to satisfy the three liens which have been mentioned.

In Freidenrich v. Condict, 124 App. Div. 807, 109 N. Y. Supp. 526; the trial court refused to give the defendant contractor who had filed no lien any judgment against the owner. The Appellate Division affirmed the judgment of the Special Term (holding that the court could not adjudicate that question), but added to the judgment a provision that it should not be a bar to any future action which the contractor· might elect to bring either upon his contract or for extra work. In the case at bar, this court having no jurisdiction to award a money judgment in favor of Dayton against the state, it would seem clear that the judgment herein could not be a bar to a future action in another tribunal having jurisdiction; but, if the defendant Dayton desires that the judgment herein·shall contain a provision similar to that added by the Appellate Division in Freidenrich v. Condict, it may be inserted.

Accordingly, findings will be made establishing the validity of the three liens in this case, and directing the payment thereof out of the moneys due the contractor Dayton, with costs, which are allowed the plaintiff; but no judgment will be granted the defendant Dayton in this action for any sum in excess of said liens. Costs are also allowed the defendant lienors.