JOHN ANDERSON, Respondent, *v.* JOHN L. HAYES CONSTRUCTION COMPANY, INC., and Others, Respondents, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, January 8, 1926.

Liens — mechanic's lien — lien filed by laborer for State highway contractor — Supreme Court has no power to determine that State breached contract and is owing contractor — lien against State funds can be enforced under Lien Law, §§ 5 and 42, only where State concedes liability — finding of amount due from State is not supported by evidence — court did not have power to direct State to pay stated amounts to lienors.

The liability of the State of New York to a contractor under a highway contract must be determined in an action in the Court of Claims, and the Supreme Court, in an action to foreclose a mechanic's lien filed against a highway contractor by a laborer upon funds alleged to be in the possession of the State for the purpose of payment on the contract, cannot determine that the State breached the highway contract, that it owes to the contractor a stated amount found by the court, and that the lienors have the right to be paid by the State from that amount.

The only case in which a lien against funds in the possession of the State can be enforced in the Supreme Court, under sections 5 and 42 of the Lien Law, is where the State concedes that it owes the contractor and has the money in its possession.

**110**    ANDERSON *v.* HAYES CONSTRUCTION CO., INC.

The finding as to the amount due from the State based on a breach and abandonment of the contract by the contractor is not supported by the evidence, since it appears that at the time of the trial the State had not completed the contract.

Accordingly, the court did not have power to direct the State of New York to pay to the lienors stated amounts specified in the judgment.

YOUNG, J., dissents.

APPEAL by the defendant, The People of the State of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 18th day of June, 1925, upon the decision of the court rendered after a trial at the Westchester Special Term in an action to foreclose a mechanic's lien.

*Albert Ottinger,* Attorney-General [*Albert J. Danaher* with him on the brief], for the appellant.

*William H. Sweny* [*John J. Kinney, Walter S. Gill, James E. Duross* and *Gould & Newman* with him on the brief], for the respondents John Anderson and others.

*I. J. Beaudrias* [*Joseph A. Murphy* with him on the brief], for the respondents Westchester Trust Company and another.

MANNING, J. The record discloses the following facts:

On or about the 30th day of April, 1924, defendant John L. Hayes Construction Company, Inc., hereafter referred to as the Hayes Company, and the People of the State of New York, hereafter referred to as the State, entered into a written contract wherein and whereby the Hayes Company agreed to construct a concrete highway between Saugerties and Palenville, a distance of about eight and one-half miles. The agreed price was $387,928.10. This amount was payable in monthly partial payments, representing a percentage of the value of the work done and the materials furnished during the preceding month.

The Hayes Company entered upon the performance of the work. Part of the highway lay in the county of Ulster, and that county was obligated to pay a proportionate share of the cost. On or about the 20th day of October, 1924, the State, through its proper officials, drew upon the treasurer of Ulster county two drafts aggregating $8,948.23 and representing Ulster county's share in the expense. The drafts were delivered to and accepted by the Hayes Company, and were in due course presented to the treasurer of Ulster county for payment. That official refused to honor them, asserting that the contract under which they had been drawn was illegal and void. The Hayes Company, alleging

a breach of the contract by the State, refused, on or about October 31, 1924, to proceed with the work.  Thereafter, and because of such abandonment, the State canceled the. contract and entered into a new contract with another firm.  Between October 15, 1924, and the date of abandonment by the Hayes Company, that company had performed work and furnished materials in furtherance of the contract, and the sum due by reason thereof was also unpaid.

The plaintiff, John Anderson, had been employed by the Hayes Company as a quarry foreman in the construction of the highway, and he claimed that there was due and owing to him by the Hayes Company, on account of such service, the sum of $112.50.  He brought this action for the foreclosure of a mechanic's lien, and sought to have the lien satisfied out of the moneys alleged to be due the Hayes Company by the State.  Several other lienors were brought in as parties defendant.  The complaint alleged that the Hayes Company had so far completed the work as to be entitled to the payment " of the sum of at least $25,000.00 " from the State; that no part thereof had been paid, and that there remained in the possession and control of the State " a sum far in excess of plaintiff's claim and of all others having claims herein prior to the plaintiff."

The State's answer set up, as a separate defense, that the contract was canceled by it because of the abandonment on the part of the Hayes Company.  It admitted that the Hayes Company had performed work and furnished materials in the amount of $53,144.38; that it had paid to the Hayes Company $47,829.93, and had retained $5,314.45, being ten per cent of the said $53,144.38; and that upon the said sum of $5,314.45 the State claimed a lien until the contract shall have been fully completed and accepted.

Upon the trial it was conceded that the State had in its custody a balance of $16,075 over and above the ten per cent which it claimed to be entitled to retain under the contract, and that such balance was applicable to the various liens and assignments of liens.  It was further admitted that the said balance was not sufficient to pay the liens.  It was stipulated, on behalf of the Hayes Company, that the liens filed were valid liens and that they represented the amounts due the respective lienors for services rendered and materials furnished in the construction of the highway, and that there was no dispute among the various lienors on the question of priority.

An expert testified that the reasonable value of the work performed and materials furnished by the Hayes Company was $118,485.70.  To the introduction of this testimony the Attorney-General objected, stating: " If the defendant is seeking to establish

a claim against the State of New York in an action for the foreclosure of a mechanic's lien, then all this testimony is improper and illegal." The trial court, however, admitted the testimony, saying to the Attorney-General: "You can cover that by your brief." The court then proceeded to take testimony bearing upon the claim.

At the conclusion of the case the court made various findings of fact and upon them formulated conclusions of law, among which are the following:

That the State breached the contract between it and the Hayes Company by failing to pay the estimated amounts that became due on October 15, 1924, and November 15, 1924.

That there is due and unpaid to the Hayes Company by the State the sum of $75,138.26, and that in the possession of the State, and under its control, there are sufficient funds applicable to the payment of the said sum of $75,138.26.

That there is due to the plaintiff from the Hayes Company, for labor performed, the sum of $112.50, for which the plaintiff acquired a valid lien upon the sum due by the State to the Hayes Company.

Then follow conclusions as to the amount due other lienors, and the added conclusion, in each case, that such amount is a valid lien upon the sum due to the Hayes Company by the State. Then comes the direction that out of said sum there shall be paid stated amounts to named lienors, including the plaintiff. The final conclusion, XXV, reads as follows: "The defendant, John L. Hayes Construction Company, Inc., is not entitled to a judgment herein against the State of New York because the court is without authority to render such judgment, but the judgment to be entered herein shall provide that it is without prejudice to the right of the John L. Hayes Construction Company, Inc., to file, and establish its claim in the Court of Claims."

The judgment follows along the lines of the decision. It orders, adjudges and decrees that the plaintiff and the various defendant lienors, other than the Hayes Company, have a valid lien, in the amount of their respective claims, "upon the monies due under the contract" between the Hayes Company and the State; and it further ordered, adjudged and decreed that out of said moneys the plaintiff and the various defendant lienors be paid the amount of their respective claims, with costs. To the plaintiff and to two defendant lienors additional allowances were granted. The judgment concludes with the same provision with which the decision is concluded, namely, that the Hayes Company is not entitled to a judgment against the State, because as to it the court is without

authority to render judgment; but that the judgment rendered is without prejudice to the right of the Hayes Company to establish its claim in the Court of Claims.

From this judgment the State is the sole appellant. The gist of its appeal, as represented by its first point, is that the court was without jurisdiction to determine the amount and validity of the claims of the lienors and to direct their payment from the money in the hands of the State, as such direction involved the determination of the issue between the Hayes Company and the State. The appellant states that the learned justice " has attempted to determine a disputed fact, viz., whether the contract was breached by the State or by the defendant contractor. That question cannot be determined in this action. While the learned justice finds as a conclusion of law that the court did not have authority to render judgment in favor of John L. Hayes Construction Company, Inc., he has in effect rendered such a judgment, because he finds that the State of New York is indebted to John L. Hayes Construction Company, Inc., in the sum of $75,138.26, and he directs judgment in favor of the lienors and directs the State to pay to the plaintiff and the other lienors divers sums of money out of the said sum found to be due from the State of New York to the Hayes Construction Company, Inc. To this extent judgment has been rendered in favor of the John L. Hayes Construction Company, Inc., and against the State." I think this is good reasoning. The trial court, in its conclusions of law, and in the judgment, disclaims any intention of deciding the issue between the Hayes Company and the State on the question of the breach and the consequent right to the money; and yet the court did decide that very thing, for, in awarding damages in favor of the Hayes Company, and in directing that out of the amount awarded the lienors be paid, it necessarily decided that the State had breached the contract and that the Hayes Company was without fault.

" It is a fundamental rule of public law that a sovereign State cannot be sued without its consent, and that no judgment can be entered against it in any court without express legislative authority therefor." (*Title Guaranty & Surety Co.* v. *Guernsey,* 205 Fed. 94; *Matter of Hoople,* 179 N. Y. 308.)

If there is any legislative authority for the prosecution of such an action as this against the State, it must be found in the following sections of the Lien Law:

" § 5. Liens under contracts for public improvements. A person performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction of a

8

public improvement pursuant to a contract by such contractor with the State or a municipal corporation, shall have a lien for the principal and interest of the value or agreed price of such labor or materials upon the moneys of the State or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, upon filing a notice of lien as prescribed in this article, except as hereinafter in this article provided." (Added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507.)

" § 42. Enforcement of a lien under contract for a public improvement. A lien for labor done or materials furnished for a public improvement may be enforced against the funds of the State or the municipal corporation for which such public improvement is constructed, to the extent prescribed in article two of this chapter, and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property." (Added by Laws of 1911, chap. 873.)

This is not express authority for the proposition that in an action to foreclose a mechanic's lien in connection with a public improvement, an issue in dispute between the State and the contractor may be determined and judgment rendered against the State without its consent. Where money is due by the contractor to a third party for work performed or materials furnished, and the State is in possession of funds applicable to the contract, and the State is concededly holding such funds for the benefit of the contractor and without the advancement of any claim thereto on its part, there is in the sections quoted authority for the enforcement of a lien against such funds by the person performing the work or supplying the materials. But where the State itself sets up a claim of ownership in such funds, upon the ground that the contractor forfeited his right to them by breaching the contract, or upon any other ground, the court cannot, without the State's consent, acquire jurisdiction over it and determine the issue between it and the contractor. In other words, the court cannot enforce a third party's lien upon the funds in the State's possession if, as a prerequisite to such enforcement, it must determine a legal controversy between it and the contractor.

The principal authority relied upon by the respondents in support of the judgment appealed from is *Smith* v. *State of New York* (65 Misc. 376). This case holds that when, in deciding as to claims of lienors, servants or materialmen, as the case may be, the claim of the contractor himself against the State is necessarily involved, such claim, if disputed, must be litigated. In that case,

however, it will be noted that the amount which the State conceded it owed the contractor was more than sufficient to pay the claims of all the lienors.   Despite the apparent force of that decision, I am of the opinion that in the absence of an express authoritative provision in the law, the power of the court to direct the State to pay out of the funds in its possession the claims of lienors, servants or materialmen, is limited to a case where there is no dispute between the State and the contractor as to the ownership of the money held by the State.   In the case at bar the State claims ownership in the entire fund by reason of the contractor's breach of the contract.   This is a dispute that ought to be determined by the Court of Claims, and I find nothing in the record before us in the present action to show that the State has consented that the disputed question between the contractor and itself may be determined in this Supreme Court action.   The lien filed here is against the fund in the hands of the Comptroller, to which the contractor may or may not be entitled.   The action is not properly against the State, and so, as the court said in *Alyea* v. *Citizens' Savings Bank* (12 App. Div. 574; affd., 162 N. Y. 597) regarding a similar situation, the court cannot in foreclosure actions determine a legal controversy between the State and the contractor.   (See, also, *Maneely* v. *City of New York*, 119 App. Div. 376.)

There is some merit in the appellant's third point, which is that the evidence does not sustain the second conclusion of law.   By that conclusion the trial court found that there was due and unpaid from the State to the Hayes Company a sum exceeding $75,000. Upon the alleged breach of contract by the contractor, the State made an agreement with the Ferber Gill Company for the completion of the work.   At the time of the trial the work had not been completed.   It was, therefore, impossible at that time, assuming but not deciding that the Hayes Company had breached its contract, to determine how much, if anything, the Hayes Company was entitled to after the Ferber Gill Company had been paid for its work in completing the job.

By the judgment the State has been directed to pay stated amounts to the several lienors.   This, I think, was beyond the power of the court to do in the present case, for it is not impossible that upon the trial of the case in the Court of Claims it may be determined that the State does not owe anything to the contractor.

For these reasons I reach the conclusion that the judgment rendered by the trial court is erroneous and that the same should be reversed and set aside, with costs, except in so far as it determines the liens filed to be valid, and the judgment modified to provide that said liens are valid against any sum which the Court

of Claims may finally determine to be due the John L. Hayes Construction Company, Inc., under its contract with the State of New York.

KELLY, P. J., RICH and JAYCOX, JJ., concur; YOUNG, J., dissents and votes to affirm.

Judgment reversed on the law and the facts, with costs, in accordance with opinion.